FILED

2003 NOV -4  P 12: 02

U.S. DISTRICT COURT
HARTFORD CT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| John Ward | ) | |
|     Plaintiff | ) | Civil Action No.: |
| | ) | **3:01CV1908(AVC)** |
| V. | ) | |
| | ) | |
| Robert Murphy, et.al. | ) | |
| | ) | |
|     Defendants | ) | 11/3/2003 |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF APPOINTMENT OF HIMSELF AS AN OFFICER OF THE COURT OR ASSISTANCE OF THE COURT'S STAFF TO ACT AS OFFICER OF THE COURT

I am the plaintiff in the above titled case.

I make a request for the Court to appoint one of its staff (perhaps a law clerk) to act as officer of the court and participate when I depose the Defendants. Or any appropriate order the Court may make to help me to depose the Defendants.

It appears that, for purposes of deposing the Defendants, I am an *interested person* as defined by FRCivP 28(c) and, therefore, not allowed to properly administer oaths, record depositions, certify accuracy, etc.

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

The parties met via telephone conferences and via mail, and discussed ways to allow me to depose their clients. We have not agreed to any stipulations under FRCivP 29 which would allow me to depose their clients with anything other than an officer of the court without their objections. So I am having difficulty creating a proper *notice of examination* as required by FRCivP 30(b) which the Defendants will not object to and would also render the deposition to be used later during trial as allowed under FRCivP 32.

I request and make application to the Court to appoint me as an officer of the court for purposes of taking the depositions of the Defendants. In a letter dated October 29, 2003, AAG Signorelli for the DCF Stated that they "will not agree to conduct depositions in any fashion other than those outlined in the Connecticut Practice Book §§40-47 and 40-49.[1]" It appears that the DCF may agree to my appointment as an officer of the court for purposes of a deposition if this Court orders it, because I would be "designated by the judicial authority" (Connecticut Practice Book §§40-47) to take the deposition. However, this is just a guess and probably not the accurate position of the DCF. Connecticut Practice Book §40-48[2] also allows the judicial

---

[1] Sec. 40-47. —Notice and Person Taking Deposition
"The party at whose request the deposition is to be taken shall give the other parties reasonable written notice of the name and address of each person to be examined, the time and place for the deposition, and the manner of recording. The deposition may be taken before any officer authorized to administer oaths and agreed to by the parties or, absent such agreement, designated by the judicial authority. Such notice shall be served upon each party or each party's attorney by personal or abode service or by registered or certified mail." -- Id.

Sec. 40-49. —Manner of Taking Deposition
"The witness shall be put on oath and a verbatim record of his or her testimony shall be made. The testimony shall be taken stenographically and transcribed, unless the judicial authority orders otherwise in the event that the judicial authority orders that the testimony at a deposition be recorded by other than stenographic means, the order shall designate the manner of recording, (such as by videotape) preserving, and filing the deposition, and it may include other provisions to assure that the recorded testimony will be accurate and trustworthy. If such an order is made, a party may nevertheless arrange to have a stenographic transcription made at his or her own expense." -- Id.

[2] Sec. 40-48. —Protective Order Prior to Deposition
After a deposition is ordered, upon written motion seasonably made and served on all affected persons by a party or by the deponent, the judicial authority may for good cause shown change the time, place, or manner of recording the deposition, or order that it shall not be taken or that the scope of the examination, shall be limited to certain matters, or make any other order which justice requires. Upon written demand of the objecting party or the

2

authority (in this case, this Court) to "make any other order which justice requires." So I think that the court may be allowed to appoint me as "a person appointed by the court in which the action is pending ... with power to administer oaths and take testimony." (FRCivP 28(a)).

I also request the Court to provide one of its staff to help in the depositions. I have arranged, through the Clerk's office, to use a conference room at the Hartford federal courthouse for depositions. I intend to record the depositions via videotape, which is a highly reliable and accurate method of recording. See: __?__ Federal Procedure § 26:308—Deposing party may choose stenographic or nonstenographic recording of deposition ☐ Law review commentary. The picture and sound is very well accepted and there are procedures recommended which would also keep it accurate. See:__?__ Federal Procedure § 26:311—Safeguards to assure accuracy of tape recording.

The videotaping does not necessarily need to be done by an independent person (**Marlboro**, infra) In second circuit decision **Marlboro Products Corp. v North American Philips Corp**. (1972, SD NY) 55 FRD 487, 1972 CCH Trade Cases ¶74089, 16 FR Serv 2d 302 the District Court, *Frenkel, J.*, held that testimony at deposition could be recorded electronically (i. e.. by tape recorder) unless insurmountable obstacles were encountered preventing formulation of a workable order; burden was on counsel to work together in fashioning an order specifying how the testimony was to be recorded, preserved and filed and whatever additional safeguards were appropriate. I request that this Court will supply one of its staff to come in and do the procedures outlined in FRCivP 30 such as but not limited to, giving the oath and placing the videotape into an envelope and giving it to the Clerk's office. It appears that the officer does not necessarily need to be in the room during the deposition but only needs to be available to

---

deponent, the taking of the deposition shall be suspended kw the time required to act upon the motion. In no event shall the deposition of the defendant be taken ~tthout the defendant's consent. – Id.

3

start and stop the deposition and those accompanying procedures. It would not be necessary for us to stop the depositions for breaks, simply notify when parties are leaving the room and returning by our own statements in the videotape. The videotape could remain running continuously for a full 8 hours without changing or stopping the tape (current T-160 VHS tapes can record for 8 hours).

The Court should also consider that the Defendants may have any person they want to also record the deposition by any means they wish (except smoke signals) and I won't object. They can also run a VCR off my recording equipment and make their own simultaneous copy or they could send an independent officer of the Court to the Clerk's office and have take the copy for duplication – I wouldn't object because I intend to have two VCRs at the deposition to make an original and copy for myself. I would normally make a copy for them because it is so easy to simply run off a copy of the original if they would agree to stipulations under FRCivP 28.

When we get to the summary judgment under FRCivP 56 or other dispositive motions I will deal with how to get a stenographic transcript.

On to my request for discovery disputes to be added to the settlement conference.

I am willing to be informal with regards to solving discovery disputes but the Defendants have not been willing to really work out or compromise on some things like providing records. They are supposed to negotiate in good faith with me prior to filing objections to my interrogatories and requests for production under Local Rule 9 (d). They have not, generally.

It appears that a settlement is very near between me, the City of Danbury, and Catholic Family Services and the Court will not need to help. Since a settlement at the 11/12 settlement conference with the DCF and Hospital defendants is rather unlikely, then at least if we can address some of the discovery disputes remaining it will be productive for all.

***Wherefore Plaintiff requests:***

1. The Court to appoint the Plaintiff as a proper person able to take depositions as required in FRCivP 28;

2. The Court to provide an officer from his staff to administer oaths and start the record in Plaintiff's depositions and then come back at end of depositions and file the videotape depositions at the Clerk's office;

3. Order the Defendants to negotiate, with haste, a plan for videotaping and filing the above depositions of Defendants;

4. Order that the 11/12/2003 settlement conference include any outstanding discovery disputes.

5. And make any other order which justice requires for me to discover, depose, and preserve evidence and testimony from Defendants.

Thank you,

_____ Date: 11/3/03
John Ward, acting pro se and sui juris
18 Garamella Boulevard
Danbury, Connecticut 06810
(203) 790-4920

I certify that I sent a copy of this memorandum via fax and snail mail to the Defendants' counsel of record.

Date: 11/3/2003

_____
John Ward, Plaintiff pro se, sui juris
18 Garamella Boulevard
Danbury, Connecticut 06810
(203) 790-4920

5

John Ward
18 Garamella Blvd.
Danbury, CT. 06810
(203) 790-4920,

11/3/2003

The Honorable Judge Alfred V. Covello
U.S. District Court – District of Connecticut
450 Main Street
Hartford, Connecticut 06106

Re:   **Ward v Murphy, et. al.**  Civil Action No. 3:01CV1908(AVC)

Your Honor:
    I am the plaintiff in the above titled case.
    Please act on the attached motions rather quickly because the Court's orders are for the settlement conference on November 12 and depositions are to be concluded by December 12.

Date: 11/3/2003

_____
John Ward, Plaintiff pro se, sui juris
18 Garamella Boulevard
Danbury, Connecticut 06810
(203) 790-4920


    I certify that I sent a copy of this letter via fax and snail mail to the Defendants' counsel of record.

Date: 11/3/2003

_____
John Ward, Plaintiff pro se, sui juris
18 Garamella Boulevard
Danbury, Connecticut 06810
(203) 790-4920

1