FILED

2003 NOV 19  P 12: 46

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN WARD | : | CIVIL ACTION NO.: |
| Plaintiff | : | 3:01 CV 1908 (AVC) |
| VS. | : | |
| ROBERT MURPHY – Investigator for State of CT. et al | : | |
| Defendants | : | NOVEMBER 18, 2003 |

**MOTION FOR PROTECTIVE ORDER AS TO JUDY GIBNEY, R.N.**

Pursuant to Federal Rules of Civil Procedure §26(c), the undersigned defendant hereby moves for a protective order preventing the plaintiff from obtaining the discovery deposition of Judy Gibney, R.N., as requested in his November 10, 2003 Notice of Deposition (attached). On November 14, 2003, a good faith attempt was made to confer with the plaintiff in an effort to resolve this dispute prior to seeking court intervention. Notwithstanding, an agreement could not be reached. The following assertions are made in support of this motion:

1.      The plaintiff's notice of deposition of Judy Gibney, R.N. does not comply with F.R.C.P. §28(a), which states that "depositions shall be taken before an officer authorized to administer oaths by the laws of the United States or of the place where the examination is held, or before a person appointed by the court in which the action is pending." The plaintiff's notice of deposition states that he will take the deposition before "himself or an officer of the court as may be named by the Court in response to Plaintiff's request for an officer of the court."

2.      The plaintiff's notice of deposition of Judy Gibney, R.N. also fails to name a definite location at which the deposition will take place. In the event that the court does not appoint an officer of the court to attend the deposition, the plaintiff identifies two possible alternate locations at which to conduct the deposition.

3.      As of today's date, this Court has not appointed an officer of the court to administer an oath and make an accurate record of the deposition. The deposition cannot be conducted in

a fair, reliable manner without the presence of such a neutral officer of the court to administer oaths and make a record of the deposition. In addition, the plaintiff's notice of deposition, as currently formulated, leaves uncertain the important issue of the location of deposition.

4. The defendant cannot fairly be subject to a deposition which is not taken before an officer authorized to administer oaths by the laws of the United States. To allow such a deposition to go forward, the location of which is uncertain and dependant upon various factors, would result in unjust results upon the deponent.

Wherefore, for the foregoing reasons, the defendant respectfully requests this Court grant its Motion for Protective Order as to Judy Gibney, R.N.

THE DEFENDANT,<br>
JUDY GIBNEY<br>
<br>
BY _____<br>
BENJAMIN K. POTOK<br>
OF<br>
BAI, POLLOCK, BLUEWEISS<br>
& MULCAHEY, P.C.

## O R D E R

The foregoing Motion, having been heard by the Court, is hereby ordered:

**ORDERED/DENIED.**

BY THE COURT

_____
Judge/Clerk

## C E R T I F I C A T I O N

This is to certify that on _____18_____, a copy of the foregoing was mailed, postage prepaid to all counsel and pro-se parties of record to wit:

Mr. John Ward
18 Garamella Boulevard
Danbury, Connecticut 06810

Carolyn Signorelli
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, Connecticut 06141-0120

_____
BENJAMIN K. POTOK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| John Ward | ) | |
|     Plaintiff | ) | Civil Action No.: |
| | ) |    3:01CV1908(AVC) |
| V. | ) | |
| | ) | |
| Robert Murphy, et.al. | ) | |
| | ) | |
|     Defendants | ) | 11/10/2003 via fax and certified mail |

### PLAINTIFF'S NOTICE OF DEPOSITION
### – Judy Gibney

To: Judy Gibney, defendant and Heidi Cilano – Attorney at Law.

You are hereby notified that John Ward – Plaintiff, will take the deposition of the above defendant, on oral examination before the Plaintiff or an officer of the court as may be named by the Court in response to Plaintiff's request for an officer of the court.

The deposition shall be on 11/19/03, at 3:00 o'clock pm. If the deposition is not completed on that date it shall be continued on December 2, 2003. The deposition shall be held at the US District Courthouse, Room 320, 450 Main Street, Hartford, Ct. 06103. If the Court fails to provide a suitable officer of the court for the deposition the deposition will be held at the alternate site of the third floor conference room at the Danbury Superior Courthouse, 146 White Street, Danbury, Ct. 06810 or other suitable Danbury site. Notice of use of the alternate site will be given to the deponent's attorney by fax and telephone at least 24 hours in advance.

The deposition will be recorded by videotape or audiotape with the Plaintiff operating the recording equipment. The deposition shall be used for discovery purposes and may be introduced as evidence on the trial of the above-entitled action.

The deponent is requested to produce the following items:

1. A copy of any and all documentation, including but not limited to audiotape recordings, videotape recordings, correspondence, e-mails, medical records, mental health records in your possession related to the above titled case.

2. Names, addresses and phone numbers of any and all persons that you are aware of who

have knowledge related of the above titled action.

3. Names, addresses and phone numbers of any and all persons with whom you have communicated regarding the above titled case.

4. The deponent's personnel file and don't forget any complaints and reprimands about his/her work abilities.

5. All training materials used to train the above deponent in regards to his/her duties under the ADA, Rehabilitation Act of 1973 and Connecticut statutes prohibiting discrimination based on disability and gender.

5. All documents created by the deponent independently of his/her employment. These include but are not limited to notes, diaries, reports, personal letters, or other records -- which refer in any manner to the above titled federal lawsuit or its parties.

6. All the equipment, documentation, and training materials which she brings and brought to infant home visits such as she performed between October and December 1999 at the Plaintiff's residence.

Failure to provide the above-requested documents and information may be the basis for precluding use of the documents and information in further proceedings.

Thank you,

_[signature]_ Date: 11/10/03
John Ward, acting pro se and sui juris
18 Garamella Boulevard
Danbury, Connecticut 06810
(203) 790-4920

I certify that on this date I mailed via certified first class mail a copy of this notice of deposition to the Defendants' counsel of record.

11/10/2003

_[signature]_
John Ward, Plaintiff pro se, sui juris -- same address