FILED

2003 NOV 21 P 2: 21

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN WARD | : CIVIL ACTION NO. |
| *Plaintiff* | : 3:01CV1908 (AVC) |
| v. | : |
| ROBERT MURPHY, et al. | : |
| *Defendant* | : November 20, 2003 |

## STATE DEFENDANTS' OBJECTION TO MOTION FOR OFFICER OF THE COURT FOR DEPOSITIONS BY PLAINTIFF

The Defendants, employees of the Department of Children and Families, Robert Murphy, Ralph Arnone, Roger Lima, Sandra Liquindoli and Edward Federci, (hereinafter, "State Defendants") herein object to the plaintiff's request for an officer of the court to be appointed by the court for purposes of his depositions: The grounds for said objection are as follows:

(1) The State Defendants have filed a Motion for Protective Order on the grounds that a Motion for Summary Judgment alleging that they are not liable under the doctrine of qualified immunity should be decided prior to the State Defendants being subjected to burdensome and time consuming depositions. That motion should be decided prior to determining whether the court should assist the plaintiff with his litigation.

(2) The plaintiff's previous claim in his objection to the previously filed Motion for Summary Judgment that he requires these depositions to respond to the Motion for Summary Judgment are insufficient basis to subject the State Defendants who are claiming immunity from suit to depositions by the plaintiff. This is especially true in light of the fact that the plaintiff was present during the activities complained of and has in his possession a videotape of the events which are the subject of this lawsuit. The plaintiff also has access to all of his and his daughter's

mental health and/or medical records and has in his possession the police incident reports and DCF record pertaining to this case. The plaintiff will also be provided a copy of the audio tape of the Hotline calls to DCF from Danbury Hospital. (See, *Contemporary Mission, Inc. v. United States Postal Service,* 648 F.2d 97 (2d Cir. N.Y 1981), appeal on grounds that denial of discovery prior to requiring response to Motion for Summary Judgment was error; the 2d Circuit held: "a plaintiff cannot defeat a motion for summary judgment by merely restating the conclusory allegations contained in his complaint, and amplifying them only with speculation about what discovery might uncover (citations omitted) 'An opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of the motion.'" *Id.* at 107, citing, *Neely v. St. Paul Fire & Marine Ins. Co,* 584 F.2d 341, 344 (9th Cir. 1978)).

(3)     The assistance that the plaintiff is requesting requires the court to become overly involved in the litigation and providing a party litigant with assistance in the prosecution of his case. Although cases have required "solicitude" towards pro se litigants in relation to notifying them of the consequences of certain pleadings and failure to properly respond, there are no cases requiring that the court actually assist the civil litigant with his case. (See, *Wechsler v. R D Management Corp.*, 861 F. Supp. 1153 (D.C. EDNY 1994) (Court discusses limits to propriety of courts getting too involved in litigation: "More specifically, is it ever appropriate for a judge to intervene in the prosecution of a lawsuit, and if it is, when and under what circumstances?"). See also, *Victoria v. O'Neill*, 688 F. Supp. 84 (D.C Conn. 1988) (The court reasoned that "[imposing] an obligation to give notice of Rule 56's evidentiary standards would also invite an undesirable, open-ended participation by the court in the summary judgment process.", citing

2

*Jacobsen v. Filler*, 790 F.2d 1362, 1365 (9th Cir. 1986), (no special treatment was to be afforded ordinary civil litigants who proceed pro se)).

Wherefore, the State Defendants respectfully object to the plaintiff's Motion for the court to provide an officer to conduct the depositions and respectfully requests that the Motion be denied and the State Defendants' objection be sustained.

STATE DEFENDANTS

BY: RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Carolyn Signorelli
Assistant Attorney General
Federal Bar No.ct 17534
55 Elm Street, 3rd Fl. Annex
Hartford, CT 06106
Tel: (860) 808-5160
Fax: (860) 808-5384
e-mail:carolyn.signorelli@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 20th day of November, 2003, first class postage prepaid to:

Mr. John Ward
18 Garmella Boulevard
Danbury, CT 06810

James Williams, Esq.
Williams, Walsh & O'Connor
110 Washington Avenue, 2nd Fl.
North Haven, CT 06473

Stephen Fogerty, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

Heidi M. Cilano, Esq.
Garie J. Mulcahey, Esq.
Bai, Pollock, Blueweiss & Mulcahey, P.C.
10 Middle Street
Bridgeport, CT 06604

_____
Carolyn Signorelli
Assistant Attorney General

Case 3:01-cv-01908-AVC    Document 167    Filed 11/21/2003    Page 5 of 5