UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN WARD | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:01CV1908 (AVC) |
| | : | |
| v. | : | |
| | : | |
| ROBERT MURPHY, et al. | : | |
| *Defendant* | : | December 12, 2003 |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER
## WITH AFFIDAVIT FILED PURSUANT TO RULE 37(a)2

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Defendants, employees of the Department of Children and Families, Robert Murphy, Ralph Arnone, Roger Lima, Sandara Liquindoli and Edward Federci, (hereinafter, "State Defendants") seek a stay of all depositions noticed by the plaintiff of the State Defendants. The grounds for said request are as follows:

(1) The State Defendants have filed a Motion for Summary Judgment alleging that they are not liable under the doctrine of qualified immunity. That Motion should be decided prior to the State Defendants being subjected to burdensome and time consuming depositions.

The plaintiff's previous claim in his objection to the previously filed Motion for Summary Judgment that he requires these depositions to respond to the Motion for Summary Judgment are insufficient basis to subject the State Defendants who are claiming immunity from suit to depositions by the plaintiff. This is especially true in light of the fact that the plaintiff was present during the activities complained of and has in his possession a videotape of the events which are the subject of this lawsuit. The plaintiff also has access to all of his and his daughter's mental health and or medical records and has in his possession the police incident reports and DCF record pertaining to this case, including the audio tapes of the Hotline referrals made by the

hospital on December 7, 1999 and December 10, 1999, and the personnel records of the state defendants.

(2)  The plaintiff has not properly noticed the depositions pursuant to Fed. R. Civ. Pro. 30(b)(4) or Rule 28(d), in that it is not clear they will be before "an officer authorized to administer oaths" and the plaintiff intends to record the deposition himself.

(3)  The plaintiff's requests for production are overly broad, burdensome and harassing in that he is seeking "[t]he deponent's personnel file", "[a]ll training materials used to train the above deponent in regards to his/her duties under the ADA, Rehabilitation Act of 1973 and Connecticut statutes prohibiting discrimination based on disability and gender" and "[a]ll documents created by the deponent independently of his/her employment. These include but are not limited to notes, diaries, reports, personal letters, or other records – which refer in any manner to the above titled federal law suit or its parties" from each state defendant.

The State Defendants submit the attached Memorandum of Law and Affidavit regarding efforts to resolve discovery disputes in support of this Motion for Protective Order and respectfully requests that the Motion for Protective Order be granted.

STATE DEFENDANTS

BY: RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Carolyn Signorelli
Assistant Attorney General
Federal Bar No.ct 17534
55 Elm Street, 3rd Fl. Annex
Hartford, CT 06106
Tel: (860) 808-5160
Fax: (860) 808-5384
e-mail: carolyn.signorelli@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 12th day of December, 2003, first class postage prepaid to:

Mr. John Ward
18 Garmella Boulevard
Danbury, CT 06810

James Williams, Esq.
Williams, Walsh & O'Connor
110 Washington Avenue, 2nd Fl.
North Haven, CT 06473

Stephen Fogerty, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

Heidi M. Cilano, Esq.
Garie J. Mulcahey, Esq.
Bai, Pollock, Blueweiss & Mulcahey, P.C.
10 Middle Street
Bridgeport, CT 06604

_____
Carolyn Signorelli
Assistant Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN WARD | : | CIVIL ACTION NO: |
| *PLAINTIFF* | : | 3:01cv1908(ACV) |
| v. | : | |
| ROBERT MURPHY ET AL. | : | |
| *DEFENDANTS* | : | December 10, 2003 |

## AFFIDAVIT PURSUANT TO RULE 37(a)2

The undersigned, as counsel for the above-captioned Defendants, being over the age of eighteen and understanding the meaning of an oath, having been duly sworn, state:

1. On October 22, 2003, the parties in the above-captioned matter met during a discovery conference at which time the plaintiff indicated he needed depositions of the defendants and the audiotapes of the Hotline calls which precipitated this case in order to respond to the Motion for Summary Judgment filed by the state defendant, which had been denied without prejudice by the court pending the discovery conference. At that meeting, the undersigned advised Mr. Ward and the court that she would object, on behalf of her clients, to any depositions being taken as inconsistent with the purpose and objectives behind a motion for summary judgment based upon the defense of qualified immunity.

2. Subsequent to that conference Mr. Ward attempted to notice the depositions of all defendants and issued Interrogatories and Requests for Production. In response the state defendants filed Motions for Protective Orders dated November 14, 2003 and November 24, 2003, respectively. On December 9, 2003, the Court denied the November 14, 2003

Motion for Protective Order without prejudice to the state defendants filing an Affidavit consistent with Rule 37(a)2 of the Local Rules of Civil Procedure.

3.   Since the discovery conference the state defendants have provided Mr. Ward with a second copy of the entire Department of Children and Families ("DCF") record pertaining to Donna Ward, except those Juvenile Court documents that plaintiff should already have in his possession and which further disclosure is not permitted without court order. Mr. Ward has also been provided with the audio tapes of the two hotline calls made to DCF on December 7, 1999 and December 10, 1999.

4.   On December 9, 2003, the undersigned spoke with the plaintiff via telephone in order to discuss with the plaintiff what he felt he still needed to respond to the Motion for Summary Judgment which was refiled by the state defendants on November 12, 2003. The plaintiff's initial response was "What did I ask for?". We proceeded to discuss the need for personnel records, pursuant to which the plaintiff indicated that he "agrees they're not necessary, but they're subject to the Freedom of Information Act". On behalf of the state defendants, the undersigned agreed to forward those personnel records permitted disclosure under the Freedom of Information Act. The undersigned also agreed to forward what training materials are currently available in relation to the ADA and Rehabilitation Act. The state defendants have disclosed experts intended to be called at trial as required by Federal Rule of Civil Procedure 26.

5.   At this time, the undersigned believes that the plaintiff will have been provided all available documentation that he has sought through discovery and that the only outstanding issues are the interrogatories and the depositions. The interrogatories are the subject of the November 24, 2003 Motion for Protective Order, to which the Court has

requested a response by December 16, 2003. The documentation that the plaintiff already has access to: the DCF record, the hospital records, the Affidavits in Support of the Motion for Summary Judgment, the Juvenile Court filings, the Disclosure of Expert Witnesses, and the audio tapes, contain the answers to the interrogatories. In relation to the depositions, they have still not been properly noticed and a decision is outstanding on the plaintiff's Motion for Appointment of a Court Officer filed November 3, 2003 and Objected to by the state defendants on November 20, 2003.

6. On December 10, 2003, the undersigned met with the plaintiff at the Juvenile Court in Danbury and had further discussions regarding the need for depositions. The plaintiff indicated, as he did on December 9, 2003, that he planned on filing his response to the Motion for Summary Judgment by December 19, 2003 and agreed that these discovery issues may be moot as they relate to the Motion for Summary Judgment.

Signed this 12th day of December, 2003:

_____
Carolyn Signorelli
Assistant Attorney General


STATE OF CONNECTICUT           )

COUNTY OF HARTFORD             )

Sworn and subscribed before me on this 12th day of December, 2003.

_____
Notary Public

My commission expires: 8/31/08

FILED

2003 DEC 15 P 2: 55

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN WARD<br>*Plaintiff* | CIVIL ACTION NO.<br>3:01CV1908 (AVC) |
| v. | |
| ROBERT MURPHY, et al.<br>*Defendant* | December 12, 2003 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Defendants, employees of the Department of Children and Families, Robert Murphy, Ralph Arnone, Roger Lima, Sandra Liquindoli and Edward Federici, (hereinafter, "State Defendants") herein submit this memorandum of law in support of their Motion for Protective Order seeking a stay of all depositions noticed by the plaintiff of the State Defendants.

## FACTUAL AND PROCEDURAL BACKGROUND:

The plaintiff, John Ward, who has appeared pro se in this case, is the father of a minor child, Donna Ward (b. 10/6/99). When Donna was a new-born infant, hospital personnel at Danbury Hospital made a report of child neglect to the State of Connecticut, Department of Children and Families (hereinafter "DCF" or the "Department"). As a result of that report and further investigation, the child was removed from the care of her parents on an administrative 96 hour hold on October 18, 1999. See Conn. Gen. Stat. Sec. 17a-101g (c). Immediately after that action, the Department filed a motion for order of temporary custody and a petition alleging that the minor child was a neglected child. See Conn. Gen. Stat. Sec. 46b-129 (b). The trial court (Eveleigh, J.) on October 19, 2003, granted the motion for order of temporary custody, finding

that the child was in immediate physical danger from her surroundings and that custody needed to be immediately assumed to safeguard the welfare of the child. On November 3, 1999, after a hearing, the trial court (Eveleigh, J.) vacated the order of temporary custody. However, the court ordered that plaintiff and the child's biological mother, Patty M, accept comprehensive mental health, parenting and medical services and monitoring from the Department. Eventually, after services were provided for a period of time, the neglect petition was withdrawn.

The central claim of the plaintiff is that there was a massive conspiracy to deprive him of his civil rights, which extended not only to the DCF Commissioner and employees named above, but to the Danbury Police Department, the Visiting Nurse Association, individual medical providers at Danbury Hospital, and service providers from Catholic Family Services. In his original complaint, the plaintiff alleged that the conspiracy extended to the Office of the Attorney General, Attorney General Richard Blumenthal and the Assistant Attorney General assigned to the case, Assistant Attorney General Kelly Flint, the child's court-appointed attorney, Attorney Amy Klein, and the state judiciary, including Judge Eve Leigh and Antoinette Beale, the clerk of the court. The plaintiff withdrew the action as to the Office of the Attorney General, Attorney General Richard Blumenthal and the Assistant Attorney General Kelly Flint[1] and the child's attorney. By decision of August 19, 2002, this Court dismissed the action as against the judge, the court clerk and the state judicial department, concluding, inter alia, that the individuals were protected by judicial immunity, the state was protected by sovereign immunity and the plaintiff lacked standing to seek equitable relief. (Dkt. No. 77)

---

[1] The Office of the Attorney General, Attorney General Blumenthal and Assistant Attorney General Flint filed a motion to dismiss. This Court never adjudicated the motion in light of the plaintiff's withdrawal of the action against these parties.

2

The State Defendants filed a Motion for Summary Judgment with the court on February 11 2003, which the plaintiff objected to on March 10, 2003, alleging he required more discovery in order to respond. The Court (Covello, J) denied the Motion for Summary Judgment without prejudice on September 18, 2003 and ordered a Discovery Conference be held on October 22, 2003. The Defendants were instructed to refile their Motion for Summary Judgment, which was done on November 12, 2003. A scheduling order was issued to condense and expedite this claim that has been pending since March of 2001 requiring the parties to complete all discovery by December 12, 2003. On November 10, 2003 the plaintiff faxed Notices of Deposition for all the above-named State Defendants to the undersigned. (Notices are Attached for reference).

The Notices provide for two potential places for the depositions; they indicate that the plaintiff intends to proceed even if he does not obtain an "officer authorized to administer oaths by the laws of the United States... ", as required by Fed. R. Civ. Pro. 28(a); and that the plaintiff intends to record the proceedings himself, in violation of Rule 28(c). The Notices of Deposition also have requests for production including "[t]he deponent's personnel file", "[a]ll training materials used to train the above deponent in regards to his/her duties under the ADA, Rehabilitation Act of 1973 and Connecticut statutes prohibiting discrimination based on disability and gender" and "[a]ll documents created by the deponent independently of his/her employment. These include but are not limited to notes, diaries, reports, personal letters, or other records – which refer in any manner to the above titled federal law suit or its parties" from each state defendant.

3

**ARGUMENT:**

I. **THE PLAINTIFF DOES NOT NEED FURTHER DISCOVERY TO RESPOND TO RESPOND TO DEFENDANTS' QUALIFIED IMMUNITY DEFENSE:**

The State Defendants have filed a Motion for Summary Judgment alleging that they are not liable under the doctrine of qualified immunity, along with other defenses to portions of the complaint and the state law claims.

The Supreme Court of the United States has continually emphasized the need for qualified immunity to protect federal and state government officials from harassing lawsuits arising from the performance of their discretionary functions. See *Behrens v. Pelletier*, 516 U.S. 299, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996); *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The Court has also confirmed that the defense is meant not only to avoid liability, but to avoid standing trial and the burdens of pre-trial matters such as discovery. *Behrens, supra,* at 839; *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985); *Harlow, supra,* at 817, 2738. The Court in *Behrens* explained that the adoption of a purely "objective" standard for the defense of qualified immunity in *Harlow* was designed to defeat insubstantial claims without resort to trial. *Behrens, supra,* at 838. It necessarily follows, that a motion for summary judgment based upon the defense of qualified immunity is an appropriate vehicle to defeat a claim of constitutional violations against officials who were performing their governmental duties. *See, Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2nd Cir. 1996).

In *Harlow, supra,* the Supreme Court expressly held that discovery not be allowed if defendants plead immunity until such time as the court determines whether summary judgment is appropriate. *Id.* at 818. In the current case a finding that qualified immunity applies will dispose

4

of the entire matter in that once the federal claims are dismissed, the pendent state law claims should likewise be dismissed. *Bonide Products, Inc. v. Cahill et al.*, 223 F. 3d 144 (2d Cir. 2000), *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988); see also *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966); *Morse v. University of Vermont*, 973 F.2d 122 (2nd Cir. 1992) (noting that it may be an abuse of discretion for a district court to refuse to dismiss a pendent state claim after it dismisses a federal claim, particularly where the state cause of action that remains for decision in federal court involves novel questions of state law. )

"Summary Judgment is appropriate where "there is no genuine issue of material fact and the ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), i.e., "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." (citations omitted) *Kia P. v. McIntyre et. al*, 235 F.3d 749, 755 (2000).

A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir. 1992) (internal quotation marks omitted). Factual disputes that are irrelevant or unnecessary will not preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

In keeping with the case law which holds that the summary judgment standard mirrors the standard for a directed verdict *(see, Anderson v. Liberty Lobby, Inc., supra,* at 250, 2511 it is clear that once the defendant moves for summary judgment, the Court must evaluate whether there is sufficient proof of a material fact, creating a genuine triable issue. The mere existence of a scintilla of evidence in support of the plaintiff's position would be insufficient; there must be

5

evidence on which the jury could reasonably find for the plaintiff. *See Celotex Corp. v. Catrett*, 477 U.S. 325, 106 S.Ct. 2548 (1986). If the undisputed facts reveal that there is an absence of proof as to any essential element on which the opponent of summary judgment has the burden of proof, any factual dispute as to the other elements becomes immaterial and cannot defeat the motion. *Gottlieb v. County of Orange, supra*, 518.

The plaintiff's claim in his objection to the previously filed Motion for Summary Judgment that he requires further discovery to respond to the Motion for Summary Judgment are an insufficient basis to subject the State Defendants, who are claiming immunity from suit, to depositions by the plaintiff. This is especially true in light of the fact that the plaintiff was present during the activities complained of and has in his possession a videotape of the events which are the subject of this lawsuit. The plaintiff also has access to all of his and his daughter's mental health and/or medical records, which are germane to the legality of the 96 hour hold, Order of Temporary Custody, and Neglect proceedings. The plaintiff has in his possession the police incident reports and DCF record pertaining to this case, including the record of the referrals made to DCF and the audio tapes of those referrals. The personnel records of the state defendants have been forwarded to him, as well as available training materials regarding the ADA. He also has in his possession the Defendants' Motion for Summary Judgment, Statement of Material Facts and Affidavits in support thereof, which outline the Defendants' factual and legal claims to which he must respond.

The Court in *Harlow* summarized, "damages suits concerning constitutional violations need not proceed to trial, but can be terminated on a properly supported motion for summary judgment based on the defense of immunity. (citation omitted) In responding to such a motion,

plaintiffs may not play dog in the manger; and firm application of the Federal Rules of Civil Procedure will ensure that federal officials are not harassed by frivolous lawsuits." *Harlow, supra* at 807, citing *Butz v. Economou,* 438 U.S. 478, 508-512 (1978). "The Supreme Court designed qualified immunity to absolve government officials from any prolonged litigation practices: it serves to bar a plaintiff who would haul government officials into court and subject them to extensive discovery and summary judgment proceedings." *Pace v. Capobianco,* 283 F.3d 1275, citing *Siegert v. Gilley,* 500 U.S. 226, 232-33 (1991) and *Harlow, supra* at 818. In *Mitchell v. Forsyth,* 472 U.S. 511 the court reaffirmed the qualified immunity test and set out with specificity the interrelationship between the affirmative defense and discovery: "Unless the plaintiff's allegations state a claim of a violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. (citation omitted)." *Id.* at 526. Once a defendant pleads a defense of qualified immunity, "on summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. . . . Until this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley,* 500 U.S. 226, 231 (1991) citing *Harlow,* at 818.

The State Defendants' Motion for Protective Order should be granted until such time as the Motion for Summary Judgment is decided by the Court.

## II. **IMPROPER NOTICE OF DEPOSITIONS:**

Pursuant to Fed. R. Civ. Pro. 30(b)(4), "[u]nless otherwise agreed by the parties, a deposition shall be conducted before an officer appointed or designated under Rule 28". Rule 28(a) provides that, "depositions shall be taken before an officer authorized to administer oaths

7

by the laws of the United States ..." Finally, Rule 28(c) states, "[n]o deposition shall be taken before a person who is a relative or employee or attorney or counsel of any of the parties, or is a relative or employee of such attorney or counsel, or is financially interested in the action."

The plaintiff's notices of deposition indicate that he intends to take the depositions in Danbury if he is not provided "a suitable officer of the court for the deposition", without indicating who the competent authority will be to administer the oath and take the deposition. This violates the Federal Rules and as such the State Defendants should not be required to appear at a deposition that cannot be properly conducted consistent with the appropriate measures to ensure fairness and accuracy in the process.

The notices of deposition also indicate that the plaintiff plans on recording the depositions himself. It is axiomatic that if the rules specifically provide that a person who is a relative, employee or attorney of any of the parties or a relative or employee of such attorney, is disqualified to take a deposition by virtue of being an interested person, that the plaintiff himself is an interested person. The State Defendants should not be subjected to a discovery proceeding in which the party who is suing them and deposing them, is also designating himself as the administrator of the deposition and the custodian of the record of the deposition.

In the event that the Court does not grant a stay of the depositions until the Motion for Summary Judgment is decided, the State Defendants respectfully request a protective order requiring that the plaintiff notice a deposition to be conducted consistent with the Federal Rules of Civil Procedure.

### III. THE PLAINTIFF'S REQUESTS FOR PRODUCTION ARE OVERLY BROAD, BURDENSOME AND HARASSING

The Notice of Deposition for each State Defendant, regardless of their level of involvement or position in the Department of Children and Families is seeking "[t]he deponent's personnel file", "[a]ll training materials used to train the above deponent in regards to his/her duties under the ADA, Rehabilitation Act of 1973 and Connecticut statutes prohibiting discrimination based on disability and gender" and "[a]ll documents created by the deponent independently of his/her employment. These include but are not limited to notes, diaries, reports, personal letters, or other records – which refer in any manner to the above titled federal law suit or its parties"

District courts exercise broad discretion to manage discovery matters. In turn, we review discovery orders for an abuse of that discretion, "recognizing that an appeals court simply cannot manage the intricate process of discovery from a distance." Brandt v. Wand Partners, 242 F.3d 6, 18 (1st Cir. 2001). While district courts are to interpret liberally the discovery provisions of the Federal Rules of Civil Procedure to encourage the free flow of information among litigants, limits do exist. See, e.g., Fed. R. Civ. P. 26(b) advisory committee notes (1983). For example, Fed. R. Civ. P. 26(c) provides that, upon a showing of good cause, the presiding court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Even more pertinently, Fed. R. Civ. P. 45(c)(3)(A)(iv) commands that a court "shall" quash or modify a subpoena if the subpoena "subjects a person to undue burden." Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38 (1st Cir. 2003).

9

The plaintiff is seeking the personnel files and "[a]ll documents created by the deponent independently of his/her employment. These include but are not limited to notes, diaries, reports, personal letters, or other records – which refer in any manner to the above titled federal law suit or its parties" of all the deposed defendant, including Roger Lima, who had di minimus involvement in the incidents in question. He was a case aide who accompanied Robert Murphy on October 18, 1999. He did not speak to anyone at the plaintiff's home, he did not remove the child he had no involvement in the decision making process. Sandra Liquindoli, had no involvement in the removal, filing of neglect petitions or any aspect of the case after she completed her investigation on October 10, 1999. Edward Federici became the treatment social worker after the neglect petitions were already filed and was required by court order to offer the plaintiff's family services. These defendants should not be subjected to a review of their personnel records or their own personal correspondence by this pro se plaintiff.

In relation to Robert Murphy and Ralph Arnone the plaintiff's request for production of personnel records should be more specific and tailored to matters that would be relevant to the issues of the litigation at hand. These defendants who are entitled to qualified immunity should not be subjected to a fishing expedition on the part of this plaintiff into materials that are not relevant to the case at hand.

The State Defendants seek a protective order, in the event that the depositions are not stayed, whereby none of the defendants are required to produce what is requested in paragraph 5 of the Notices of Deposition. In relation to the personnel records the plaintiff has been forwarded all records available under the Freedom of Information Act. If the plaintiff requires additional records he should be required to provide specifics regarding what he is seeking from

10

the personnel records of the defendants and how they are relevant and necessary to his response to the Motion for Summary Judgment..

**CONCLUSION:**

All of the defendants are entitled to a stay of the noticed depositions pursuant to the above-cited cases regarding the purpose and policy behind the doctrine of qualified immunity.

If the court determines that the plaintiff is entitled to some of the requested discovery pursuant to responding to the Motion for Summary Judgment, the State Defendants respectfully request that he be required to notice proper depositions with the necessary safeguards provided by the Federal Rules and that they only be directed to Robert Murphy and Ralph Arnone. These were the two State Defendants who were actually involved in the decision making process to remove the child and file neglect petitions. The plaintiff indicated during the Discovery Conference on October 22, 2003 that his primary reason for wanting depositions was to "ask Bob Murphy who told him the baby was starving". Given all the documents the plaintiff has access to and given his stated reason for wanting the depositions, the court should limit his discovery requests to the deposition of relevant witnesses and production of relevant documentation.

In the event that the Court orders any depositions to proceed, the State Defendants respectfully request, that a protective order issue indicating that none of the defendants are required to produce what is requested in paragraph 5 of the Notices of Deposition; and the plaintiff must provide specifics regarding what he is seeking from the personnel records.

> RESPECTFULLY SUBMITTED,
> STATE DEFENDANTS
>
> BY: RICHARD BLUMENTHAL

11

ATTORNEY GENERAL

BY: _____
Carolyn Signorelli
Assistant Attorney General
Federal Bar No.ct 17534
55 Elm Street, 3rd Fl. Annex
Hartford, CT 06106
Tel: (860) 808-5160
Fax: (860) 808-5384

12

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 12th day of December, 2003, first class postage prepaid to:


Mr. John Ward
18 Garmella Boulevard
Danbury, CT 06810

James Williams, Esq.
Williams, Walsh & O'Connor
110 Washington Avenue, 2nd Fl.
North Haven, CT 06473

Stephen Fogerty, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

Heidi M. Cilano, Esq.
Garie J. Mulcahey, Esq.
Bai, Pollock, Blueweiss & Mulcahey, P.C.
10 Middle Street
Bridgeport, CT 06604


Carolyn Signorelli
Assistant Attorney General