United States District Court
District of Connecticut
FILED AT       HARTFORD
                    12/17  2003
By_____
        Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN WARD | : | CIVIL ACTION NO. |
| *PLAINTIFF* | : | 3:01cv1908(ACV) |
| | : | |
| V. | : | |
| | : | |
| ROBERT MURPHY, ET AL. | : | |
| *DEFENDANTS* | : | NOVEMBER 5, 2003 |

### AFFIDAVIT OF DR. EITAN KILCHEVSKY

I, Dr. Eitan Kilchevsky, being over the age of eighteen and understanding the meaning of an oath, having been duly sworn, state:

1. On October 6, 1999, Donna Ward was born to Patricia Maruscsak at Danbury Hospital. Her acknowledged father was John Ward. I was the attending physician at that time.

2. During her hospital stay she lost 5 to 8% of her body weight and was jaundiced. As a result of her potential medical needs and risks involved when a baby has weight loss and my assessment that the mother could benefit from post-discharge support, I referred the family to the Visiting Nurse's Association ("VNA") of Danbury. This is my practice with all such infants, and is in accordance with the American Academy of Pediatrics guidelines. The father agreed at the

BAI, POLLOCK, BLUEWEISS & MULCAHEY, P.C.  •  10 MIDDLE STREET  •  BRIDGEPORT, CONNECTICUT 06604  •  (203) 366-7991  •  JURIS NO. 01440

time of discharge on October 8, 1999, to accept the VNA service and a visit was scheduled for October 9, 1999.

3.  On October 9, 1999, I was contacted by the nurse assigned to conduct the home visit and was advised that Mr. Ward had refused the visit.

4.  On October 10, 1999, I was advised by the visiting nurse that Mr. Ward had cancelled the visit.

5.  In light of the fact that the baby had lost weight during her first two days and was jaundiced, I felt strongly that the baby should be seen. As a result I requested that a referral be made to the Department of Children and Families ("DCF") and requested that they, along with a visiting nurse, go out to the home.

6.  After the DCF social worker and visiting nurse arrived at the home, I received a telephone call from Mr. Ward inquiring why I had sent the police. I advised Mr. Ward at that time that the baby needed to be seen and he agreed to bring the baby to the hospital to be examined.

7.  After approximately ½ hour elapsed, I received a telephone call from the nurse indicating that Mr. Ward had changed his mind

about bringing the baby to the hospital and permitted her to examine the baby in the hallway. According to the nurse the baby had gained weight, although she was dressed while being weighed, and did not appear to be jaundiced.

8. Given the fact that this was a young infant, who had experienced weight loss and jaundice, which are conditions that could lead to complications if the infant was not properly monitored and cared for, I felt it was imperative that she be medically seen and that DCF remain involved to ensure the appropriate follow-up was obtained by the parents. I communicated that position to the social worker on October 10, 1999.

9. The risks to an infant due to the co-existence of jaundice and weight loss include dehydration, brain damage, hearing loss and in extreme cases, death, if not treated.

10. My actions in relation to this case were motivated solely by my concern for the well-being of Donna Ward in accordance with my duties as a physician and a mandated reporter pursuant to Conn. Gen. Stat. § 17a-101.

_____
Dr. Eitan Kilchevsky

STATE OF CONNECTICUT        )
                            )
COUNTY OF FAIRFIELD         )

Sworn and subscribed before me on this  13  day of ~~October~~ Nov, 2003.

_____
Notary Public/
Commissioner of the Superior Court

**DORIS KOLLMAN**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JUNE 30, 2005

BAI, POLLOCK, BLUEWEISS & MULCAHEY, P.C. • 10 MIDDLE STREET • BRIDGEPORT, CONNECTICUT 06604 • (203) 366-7991 • JURIS NO. 01440