FILED

2003 DEC 17 P 12: 53

US DISTRICT COURT
HARTFORD CT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| John Ward | ) | |
|     Plaintiff | ) | Civil Action No.: |
| | ) | **3:01CV1908(AVC)** |
| V. | ) | |
| | ) | |
| Robert Murphy, et.al. | ) | |
| | ) | |
|     Defendants | ) | 12/16/2003 |

## PLAINTIFF'S RESPONSE TO
## DEFENDANTS' ORDERS FOR PROTECTION
## AND OBJECTIONS TO DISCOVERY

I am the plaintiff in the above titled case. I know the legal obligations to be truthful in an affidavit in Federal Court. I verify the facts in this response to be true to the best of my knowledge.

The purpose of discovery is to discover information whether it is admissible or usable at trial. See: FRCivP 26(b)(1). Discovery through depositions could also be had prior to the filing of a lawsuit upon petition See: FRCivP 27. Requiring the Defendants to engage in depositions, answer interrogatories and produce documents is not burdensome under this standard.

There is some question as to who is *most* responsible for the taking of my child from my home – the Hospital defendants for violating the rights of the disabled and making a false or discriminatory complaint to the DCF or the DCF who acted on those allegations which did not meet the definitions of abuse or neglect. The DCF claim that I am alleging a conspiracy when I am saying the parties entered an *arrangement* which violated their obligations under the ADA. There is even a form which deals with complaints where a plaintiff cannot fully determine the

1

culpability of several defendants. See: FRCivP form 10 -- **Complaint for Negligence Where Plaintiff Is Unable To Determine Definitely Whether the Person Responsible Is C. D. or E. F. or Whether Both are Responsible and Where His Evidence May Justify a Finding of Willfulness or of Recklessness or of Negligence.**

Based on the testimony of defendants Arnone and Murphy in the Juvenile Court hearing and the documentation they have provided it is very unlikely that they will be able to prove immunity but in order to fight their immunity claims I need either the testimony and *judgments* (collateral estoppel may stop them from being able to even make the argument that they even had a reasonable suspicion of abuse or neglect) made in the Juvenile Court or their depositions and other discovery materials. I probably have enough information to respond to the DCF Motion for Summary Judgment. I have until 12/31 but I am working very hard to complete it before that date.

This month I filed a Petition to Open the Record in the Juvenile Court for purposes of gathering impeachment testimony and collateral estoppel through the Juvenile Court's *judgments*. A hearing will be held on 1/14/03 at 10 am on this petition. Attorney Signorelli, for the DCF, is objecting to the opening of the record and she will most likely prevail. So federal court discovery is all that's left.

The DCF would like this Court to believe that they have been forthcoming with discovery materials. Technically, they had to give me the requested materials under State statutes. The FOIA requires them to make available personnel files and there is another statute which gives parents the right to a copy of the DCF complaint and file. The DCF responded to what they had to give under State statute rather than out of a gratuitous desire to provide discovery.

2

I have offered to hold the Defendants' depositions at any location convenient for them; upon informal notice; at any convenient time; and with limitations on the intrusiveness of the recording devices. I didn't object to traveling to Hartford for them to depose me even though a deposition should be taken in the deponent's location. The Hospital attorney wants to have the depositions in Danbury so it is a bit puzzling that they would object to my notice of deposition stating that if no officer of the court is appointed by this Court that I would give them a Danbury address for the deposition with 24 hours notice. The Hospital's attorney tells me they want the depositions in Danbury. But the obvious point is that they don't want to be deposed at all.

The Hospital objects to my request for production of a letter between Interlude and the WHC about me being Patricia's (Donna's mother) advocate. Patricia signed a release for this record. See attached unsigned version of the release. They haven't sent a release they want signed if the one provided is inadequate.

It's a bit puzzling why they would not be willing to let me inspect and copy the originals of Donna's medical records. By State statue I can have a copy. The copy the Hospital provided through the records department is fuzzy and unrecognizable in places and I need to see the originals and make copies of pages which aren't legible or need clarification. Some of the notes run into the margins and were not included in the copy process. I can do the copying at their office so they can have the originals in their possession at all times. They still might need to have the originals available for trial anyway. If they are so concerned, they should submit the originals to the Court under seal and keep a good copy for themselves.

Discovery can be had of materials and information which may not be admissible in court but which may lead to the discovery of material which may later be usable and admissible in court. If they object to the depositions being taken before a non-officer of the court then the

deposition may not be admissible in court; however, it may still lead me to admissible documents and information. Under this standard, a defective deposition is still good for me to discover information and materials. It doesn't matter if there is some invalidity as to the giving of the oath if it still provides me with discoverable information then it fulfills the mandate of providing discovery. All the Defendants, if they feel that a video or audio record of the depositions is inadequate, are free to bring their own stenographer to the deposition and use him/her to give the oath. I won't object.

There was some concern given by the Hospital attorney that their clients may be nervous in front of a camera. I have tried to negotiate some compromise such as a small audiorecorder instead. Everywhere we go we are videorecorded and a small videocamera is not intrusive and I am sure they will forget all about the camera as the deposition proceeds and their attorney can call a halt if they believe I am intimidating their clients. All the Hospital defendants expected me to give them my life history and trust them with intimate details of my life when they had no right to such information. When I objected the Hospital, through Kilchevsky and Mills, complained to the DCF that I was a mean guy for not treating them like the good people they believe themselves to be. They treated us like we were their property to do with as they pleased and because of their actions they are in court today. They sent armed men and threatened to break down my door if I didn't let them inspect my apartment at the order of Kilchevsky. Nurse Lourenco was highly intimidating by bringing armed men to my door and threatening to break it down for a claim that she knew to be nothing serious at all – mild jaundice and a home search. They object to being required to provide the same kind of information they forced from me. The Court has already ruled that there are sufficient claims of torts so they have to engage in discovery and face the probing.

If the Defendants have an objection to disclosing personal information, it is more proper for them to file an order of protection to keep the records/depositions under seal from the public -- not to say I have no right to the information and documents.

I made a request for the Court to appoint one of its staff (perhaps a law clerk) to act as officer of the court and participate when I depose the Defendants. It seems unique and I haven't seen a request like that before and it probably won't be granted by this Court. So I need to have the ~~Defendants engage in depositions and discovery bearing in mind that I don't have the~~ resources to hire stenographers and officers of the court.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY REQUIRED**

Thank you,

_____ Date: 12/16/03
John Ward, acting pro se and sui juris
18 Garamella Boulevard
Danbury, Connecticut 06810
(203) 790-4920

5

**John Ward v. Robert Murphy, et at.**
Docket No. 3: 01CV1908 (AVC)

RELEASE OF RECORDS IN THE CUSTODY OR CONTROL OF
THE DANBURY HOSPITAL AND ITS AGENCIES

    I am the father of Donna Ward, dob 10/6/99 to John Ward and Patti Lynn Maruscsak. I hereby authorize the release of any and all records concerning Donna Ward and which are the subject of the above lawsuit and that are in the control or the custody of the Danbury Hospital to John Ward for use in the prosecution of the above captioned case in the United States District Court for the District of Connecticut.
    I further release and agree that the released records may be admitted into evidence by the Plaintiff or the Defendants as allowed by the Court and any existing Order for Protection, and that current and past employees of the Danbury Hospital may testify concerning anything in the records or any service provided by the Danbury Hospital which are the subject to the above lawsuit and except that any limitation placed upon the testimony of the Danbury Hospital defendants will be caused by objection and ruling by the Court in the above action.
    A copy of this release shall be as valid as the original.

                                            Thank you,

                                            _____ Date: 11/14/03
                                            John Ward, acting pro se and sui juris
                                            18 Garamella Boulevard
                                            Danbury, Connecticut 06810
                                            (203) 790-4920

**John Ward v. Robert Murphy, et at.**
Docket No. 3: 01CV1908 (AVC)

RELEASE OF RECORDS IN THE CUSTODY OR CONTROL OF
THE DANBURY HOSPITAL AND ITS AGENCIES

    I, Patti Lynn Maruscsak, dob 4/2/62, hereby authorize the release of the letter from Interlude to Danbury Hospital regarding my relationship with John Ward – to John Ward. The letter was in my medical records at the Women's Health Clinic.
    I am the mother of Donna Ward, dob 10/6/99 to John Ward and Patti Lynn Maruscsak. I hereby authorize the release of any and all records concerning Donna Ward and which are the subject of the above lawsuit and that are in the control or the custody of the Danbury Hospital -- to John Ward for use in the prosecution of the above captioned case in the United States District Court for the District of Connecticut.
    A copy of this release shall be as valid as the original.

                                            Thank you,

                                            _____ Date: 11/14/03
                                            Patti Lynn Maruscsak
                                            7 Padanaram Road – Unit 200
                                            Danbury, Connecticut 06811

## CERTIFICATION

I certify that on this date I mailed via first class mail a copy of this response and release exhibit to the Defendants' counsel of record:

| | |
|---|---|
| Carolyn Signorelli – AAG<br>55 Elm Street, P.O. Box 120<br>Hartford, CT 06141-0120<br>Tel: (860) 808-5160<br>Fax: (860) 808-5384<br>Carolyn.Signorelli@po.state.ct.us | Stephen P. Fogerty<br>Robert A. Rhodes<br>Halloran & Sage, LLP<br>315 Post Road West<br>Westport, Ct. 06880<br>203-227-2855, fax 203-227-6992 |
| Heidi M. Cilano<br>Bai, Pollock, Blueweiss & Mulcahey, P.C.<br>10 Middle Street<br>Bridgeport, Ct. 06604<br>203-3667991, fax: 203-366-4723 | |

12/16/2003

_____
John Ward, Plaintiff pro se, sui juris
18 Garamella Boulevard
Danbury, Connecticut 06810
(203) 790-4920