UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN WARD | : | CIVIL ACTION NO.: |
| Plaintiff | : | 3:01 CV 1908 (AVC) |
| VS. | : | |
| ROBERT MURPHY – Investigator for State of CT. et al | : | |
| Defendants | : | DECEMBER 22, 2003 |

**REBUTTAL TO PLAINTIFF'S RESPONSE TO DEFENDANT'S ORDERS FOR PROTECTION AND OBJECTIONS TO DISCOVERY**

The undersigned defendants, Danbury Hospital, et al., hereby object to the plaintiff's response to their protective orders and objections to discovery dated December 16, 2003 (hereinafter "response"). The following assertions are made in support of this rebuttal:

1.  The plaintiff, in his response, fails to address the legal arguments set forth in the undersigned defendants' motions for protective orders and discovery objections. The plaintiff's

response is filled with naked assertions of entitlement, completely unsupported by any legal principles.

    2.    The plaintiff's assertion that "federal discovery is all that's left" is premature and presupposes the Juvenile court's ruling on his Petition to Open the Juvenile court Record. As the plaintiff concedes in his response, a hearing is to be held as to this issue on January 14, 2004. It is certainly

conceivable that the plaintiff will prevail on said petition. It is therefore premature for the plaintiff to assert that the only form of discovery that remains is "federal court discovery". Even if the Court denies the plaintiff's petition to open the juvenile court record, there is still no legal basis for the plaintiff's discovery requests. The undersigned defendants set forth valid legal grounds in support of their discovery objections and motions for protective orders. Assuming, arguendo, that "federal court is all that's left", this fact alone does not entitle the plaintiff to discovery which has been objected to based upon valid legal arguments.

3. The plaintiff asserts that he is entitled to conduct depositions notwithstanding his non-compliance with the Federal Rules of Civil Procedure. The plaintiff states "a defective deposition is still good for me to discover information and materials." He further implies that a defective deposition, though inadmissible at trial, still may be conducted as defective and used for discovery purposes. This statement is groundless, untrue and unsupported by the Federal Rules of Civil Procedure. The standards set out in FRCP § 28(a) do not distinguish between use of defective deposition testimony at trial as opposed to use for discovery purposes. FRCP § 28(a), rather, delineates persons before whom depositions may be taken, stating unambiguously that "depositions shall be taken before an officer authorized to administer oaths by the laws of the United States...."

4. The undersigned defendants are unable to comply with the plaintiff's request for production of a letter between Interlude and the WHC without a signed HIPAA compliant authorization pursuant to § 67 FR 53182.

5.    The plaintiff improperly seeks orders as to discovery disputes to which he has made no attempts to resolve without court intervention.  FRCP 37(a)(2)(A) requires that the movant attempt to confer in good faith with the party not making the disclosure in an effort to secure disclosure without court action.

6.    Notwithstanding the plaintiff's assertion that it is more proper for the undersigned defendants to file an order of protection to keep the records/depositions under seal from the public, the undersigned defendants maintain that the objections to discovery requests and motions for protective orders are based upon valid legal principles and federal law.  The plaintiff's response fails to dispute this fact.

For the foregoing reasons, the undersigned defendants respectfully request this court grant their motions for protective orders and sustain their objections to the plaintiff's discovery requests, when court action is proper for orders regarding the discovery objections.

THE DEFENDANTS,
VIRGINIA LOURENCO, R.N.,
JUDY GIBNEY, R.N., DANBURY HOSPITAL
EITAN KILCHEVSKY, M.D. and JOAN MILLS

BY _____
~~Benjamin~~ K. Potok
    Of
Bai, Pollock, Blueweiss &
Mulcahey, P.C.
10 Middle Street
Bridgeport, Connecticut 06604
(203) 366-7991
(203) 366-4723 fax
#ct21298

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed postage prepaid, first class mail to all counsel of record and pro se parties on this 12/23 day of December, 2003.

Mr. John Ward
18 Garamella Boulevard
Danbury, Connecticut 06810

Carolyn Signorelli
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, Connecticut 06141-0120

Benjamin K. Potok