UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOHN WARD                          :    CIVIL ACTION NO.:

      Plaintiff              :    3:01 CV 1908 (AVC)
VS.                                :

ROBERT MURPHY - Investigator for State of:
CT. et al

      Defendants             :    DECEMBER 22, 2003

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendants, Danbury Hospital, et al., hereby move for summary judgment as to Counts 2a, 2b, 2c, 3a, 3b, and 15b of the plaintiff's amended complaint on the basis that there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. Additionally, as the plaintiff's amended complaint is lengthy, verbose and at times difficult to decipher, the undersigned defendants hereby reserve their right to file any additional dispositive motions if the plaintiff is alleging claims different from the claims addressed

in this motion. A memorandum of law is attached hereto in support of this motion.

                THE DEFENDANTS,
                DANBURY VISITING NURSE
                ASSOCIATION, VIRGINIA
                LOURENCO, R.N., JUDY GIBNEY,
                R.N., DANBURY HOSPITAL, EITAN
                KILCHEVSKY, M.D. and JOAN
                MILLS, MSW

BY _____
    Benjamin K. Potok
      Of
    Bai, Pollock, Blueweiss &
    Mulcahey, P.C.
    10 Middle Street
    Bridgeport, Connecticut 06604
    (203) 366-7991
    (203) 366-4723 fax
    #ct21298

## CERTIFICATION

    This is to certify that a copy of the foregoing has been mailed postage prepaid, first class mail to all counsel of record and pro se parties on this 12/22 day of December, 2003.

Mr. John Ward
18 Garamella Boulevard
Danbury, Connecticut 06810

Carolyn Signorelli
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, Connecticut 06141-0120

                             Benjamin K. Potok

## ORDER

The foregoing Motion, having been heard by the Court, is hereby ordered:

**GRANTED/DENIED**

                                      BY THE COURT

                              BY_____
                                  JUDGE/ASSISTANT CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN WARD | : | CIVIL ACTION NO.: |
| Plaintiff | : | 3:01 CV 1908 (AVC) |
| VS. | : | |
| ROBERT MURPHY – Investigator for State of CT. et al | : | |
| Defendants | : | DECEMBER 22, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I.  **FACTS**

The plaintiff, John Ward, a pro se litigant, brought this action on his own behalf and on behalf of his minor daughter pursuant to 42 USC § 1983, 42 USC §§ 12101-12213 (the Americans with Disabilities Act), 29 USC § 794 (the Rehabilitation Act of 1973), and common law tenets concerning medical malpractice and negligent infliction of emotional distress.  In his complaint, Mr. Ward alleges, inter alia, that the undersigned defendants committed medical malpractice in their care and treatment of the

5

plaintiff's daughter, Donna Ward. Specifically, the plaintiff seems to be alleging that the undersigned defendants failed to properly inform the plaintiff of the medical condition of his daughter. Further, the plaintiff claims medical malpractice based upon "unnecessary strip-search exams of Donna twice or more weekly" by Nurse Judy Gibney. The plaintiff, John Ward, is the only party to this action now as he has withdrawn the claims on behalf of Donna Ward.

## II. LAW AND ARGUMENT

### A. Standard of Review

"Summary judgment shall be granted if the pleadings and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Rules of Court, Section 17-49.

The moving party has the burden of establishing that there is no genuine issue as to a material fact. Appleton v. Board of Education, 254 Conn. 205 (2000). In other words, it must be shown that there is an absence of any genuine issue of material

facts which, under applicable principles of substantive law, entitle the moving party to a judgment as a matter of law. <u>Rivera v. Double A Transportation, Inc.</u>, 248 Conn. 21 (1999). A material fact is one which will make a difference in the outcome of the case. <u>Hammer v. Lumberman's Mutual Casualty Co.</u>, 214 Conn. 573 (1990). In ruling upon a summary judgment motion, the court determines whether an issue of fact exists, but does not try the issue if it does exist. <u>Michaud v. Gurney</u>, 168 Conn. 431 (1975).

    The non-moving party must substantiate its claim by showing there is a genuine issue of material fact, along with evidence disclosing the existence of such a disputed fact. <u>Home Insurance Co. v. Aetna Life & Casualty Co.</u>, 235 Conn. 185 (1995). It is not enough for the opposing party to assert the existence of a disputed issue. <u>Id.</u> at 202. Mere assertions of fact are insufficient to establish the existence of a material fact and alone cannot refute evidence presented in a motion for summary judgment. <u>Id.</u> The party opposing a motion for summary judgment must provide an evidentiary foundation to demonstrate

the existence of a genuine issue of material fact.  <u>Rivera v. Double A Transportation, Inc.</u>, 248 Conn. at 24.

    **B.**    **LEGAL ARGUMENT**

    1.    <u>The plaintiff has not disclosed an expert to testify that the undersigned defendants failed to meet the applicable standard of care</u>.

Connecticut courts have repeatedly held that in a medical malpractice action, expert witness testimony is required to establish both the standard of care to which the defendant is held and the breach of that standard.  <u>Amsden v. Fischer</u>, 62 Conn. App. 323, 331 (2001).  "Expert testimony is **required** when the question involved goes beyond the field of ordinary knowledge of judges and juries."  <u>LePage v. Horne</u>, 262 Conn. 116, 125 (2002)(emphasis in original).  "The requirement of expert testimony...serves to assist lay people, such as members of the jury and the presiding judge, to understand the applicable standard of care and to evaluate the defendant's actions in light of that standard..."  <u>LePage</u>, 262 Conn. at 125 (2002).

The plaintiff in the instant matter has not disclosed any expert witnesses to testify as to the standard of care. The deadline for the plaintiff to disclose expert witnesses expired on November 15, 2003. The plaintiff has made no efforts to comply with this deadline, and there is no implication suggesting his intention to disclose an expert at any time in the future. As currently formulated, the plaintiff's medical malpractice claims are merely naked assertions, unsupported by any expert testimony. Since the deadline to disclose expert testimony has expired and there is no indication that expert disclosure is forthcoming, the plaintiff will be unable to prosecute his claims of medical malpractice.

    2.   <u>The defendants did not owe a duty to the plaintiff because there was no physician/patient relationship.</u>

"In a medical malpractice action, the plaintiff must prove by a preponderance of the evidence these three essential elements: first, is the existence of a physician/patient relationship; secondly, the physician departed from the standard of care owed to the plaintiff, and this departure was the

proximate cause of the plaintiff's harm." Edward v. Tartus, 240 Conn. 610, 621 (1997). Whether a defendant owes a duty of care is a question of law and an appropriate issue for summary judgment. Pion v. Southern New England Telephone Company, 44 Conn. App. 657, 660 (1997).

"The physician/patient relationship is a consensual one...[and] is created when the professional services of a physician are rendered to or accepted by another person for the purpose of medical or surgical treatment." Pokorney v. Shafer, Superior Court, Judicial District of Hartford New Britain at Hartford, Docket No. 528375 (February 28, 1994) (Wagner, J.), attached hereto.

As a matter of law, to form the physician/patient relationship, a physician's conduct must rise to the level of affirmative treatment or advisement as to treatment. Dugan v. Mobile Medical Testing Services, Inc., 2001 WL 1200316, No. CV980031095S, (Conn. Super) (Sept. 12, 2001). The gravamen of the plaintiff's complaint in Dugan was that the defendants failed to promptly notify Dugan that his electrocardiogram

results indicated a problem with his heart. Dugan, 2001 WL 1200316 at *5. The defendants argued that because the plaintiff was examined to determine his fitness to perform a job, at the request and expense of his employer, no physician/patient relationship existed. Id. at *4. The court ruled in favor of the defendants, noting that there must be something more than a mere examination. Id. at *2. The court made a distinction between affirmative treatment/advisement and an examination and notification of results. Id. at 6. The defendant made only one statement to the plaintiff, informing him that his condition was satisfactory with the exception of one irregular heartbeat. The court opined that this statement standing alone was legally insufficient to impose a duty upon the defendant. Id. at *5. In the instant matter, none of the undersigned defendants treated the plaintiff, John Ward, and Mr. Ward makes no such claims.

In Thompson v. St. Francis Hospital, No. CV970568065S, 2000 WL 1868208 (Conn. Super.), (November 27, 2001), the defendant doctor, a director of the rehabilitation unit at St. Francis

Hospital, saw the plaintiff on November 9, 1994, at which time she confirmed "central cord syndrome" and recommended that she be admitted to the rehabilitation unit upon discharge from St. Francis. The defendant doctor signed and wrote a consultation report on this day, indicating that she had examined the plaintiff and her chart. Thompson, 2000 WL 1868208 at *1. Further, she cleared the plaintiff for admission to the rehabilitation unit. Id. at *1. Four days later, while still an inpatient, the plaintiff was injured in the course of a transfer, and, as a result, required cervical fusion and the attendant damages. Id.

In making a determination as to whether a physician/patient relationship existed, the court referred to Blanchette v. Barrett, 229 Conn. 256, 278 (1994), a case which addresses the termination of the physician patient relationship. Thompson, 2000 WL 1868208 at *4. "Although the issue in Blanchette was whether a physician/patient relationship had terminated for purposes of the statute of limitations, the considerations may be relevant to whether a physician/patient relationship exists

in the first instance." Id. The factors relevant to this issue include the subjective views of the parties as to whether their relationship had terminated; the length of their relationship; the frequency of their interactions; the nature of the physician's practice; whether the physician had prescribed a course of treatment for or was monitoring the condition of the patient; whether the patient was relying upon the opinion and advice of the physician with regard to a particular injury, illness, or medical condition; and whether the patient had begun to consult with another physician concerning the same injury, illness or medical condition. Id. Based on these factors, the court reasoned that there was no physician/patient relationship because the plaintiff barely knew the defendant, had only seen the defendant once prior to the incident and she had other physicians on whom she relied.

The defendant's motion to dismiss based on lack of physician/patient relationship was granted. Thompson, 2000 WL 1868208 at *4. In addition to considering the factors enumerated in Blanchette, the court took notice that the

13

defendant had only seen the plaintiff in a consulting capacity, four or five days before the incident. Id. at 3. She had nothing to do with the day to day care, and she was not the plaintiff's personal physician. Id. She performed no procedures and gave no treatment. Id.

The plaintiff's relationship with the undersigned defendants in the present matter is even further from a physician/patient relationship than the plaintiffs in the aforementioned cases. The plaintiff's claims here arise from care and treatment which was rendered to the plaintiff's daughter. John Ward does not allege in any count that he sought medical treatment from any of the undersigned defendants. The plaintiff has no standing to assert a medical malpractice claim which arises from the treatment rendered to his daughter, who is not a party to this case. Consequently, the plaintiff's medical malpractice claims are insufficient as a matter of law.

Wherefore, for the foregoing reasons, the defendants' motion for summary judgment as to the plaintiff's medical malpractice counts should be granted

```
                    THE DEFENDANTS,
                    DANBURY VISITING NURSE
                    ASSOCIATION,
                    VIRGINIA LOURENCO, R.N.,
                    JUDY    GIBNEY,    R.N.,    DANBURY
                    HOSPITAL, EITAN KILCHEVSKY, M.D.
                    and JOAN MILLS, MSW


                    BY_____
                        Benjamin K. Pollok
                             Of
                        Bai, Pollock, Blueweiss &
                        Mulcahey, P.C.
                        10 Middle Street
                        Bridgeport, Connecticut 06604
                        (203) 366-7991
                        (203) 366-4723 fax
                        #ct21298
```

Case 3:01-cv-01908-AVC    Document 180    Filed 12/23/2003    Page 15 of 15