Get a Document by Citation - 1994 Conn. Super. LEXIS 490 Page 1 of 5

Case 3:01-cv-01908-AVC Document 118 Filed 12/23/2003 Page 1 of 5

Service: **Get by LEXSEE®**
Citation: **1994 Conn. Super. LEXIS 490**

1994 Conn. Super. LEXIS 490, *

BRENDA W. POKORNY v. MYRON E. SHAFER, M.D.

NO. CV93 052 83 75

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF HARTFORD - NEW BRITAIN, AT HARTFORD

1994 Conn. Super. LEXIS 490

February 24, 1994, Decided
February 28, 1994, Filed

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant physician filed a motion to strike all three counts of plaintiff patient's action for personal injury allegedly sustained when defendant physician was conducting an independent medical examination of the patient following an automobile accident in which the patient was involved. The counts alleged medical malpractice, simple negligence, and assault.

**OVERVIEW:** A patient sought damages from a physician in a three-count action for malpractice, negligence, and assault. The patient contended he suffered injuries during a court-ordered examination by the physician following an automobile accident in which the patient was involved. The physician filed a motion to dismiss all three counts and the court found in the physician's favor on two counts but not on a third. The court found that the physician-patient relationship between the parties was not a consensual relationship on the part of the patient. Therefore, the court held that the relationship was not sufficient to support a medical malpractice claim. The court found, however, that the basis for an ordinary negligence claim did exist. The court reasoned that the court's appointment of the physician did not grant him immunity from such an action. Finally, the court held that the patient was required to assert more than bare allegations of negligence in order to sustain a claim of willful assault.

**OUTCOME:** A physician's motions to strike claims for malpractice and assault were granted; his motion to strike a count for negligence was denied.

**CORE TERMS:** physician-patient, assault, medical malpractice, motion to strike, willful, restate, cause harm, duty, malpractice, immune, wanton, doctor, legally sufficient, patient, skill, medical treatment, court-appointed, conducting, malicious, stricken, immunity

**LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts**

Torts > Malpractice Liability > Healthcare Providers
**HN1** A physician is liable for medical malpractice only where there is a physician-patient relationship. More Like This Headnote

Healthcare Law > Treatment > Patient Consent
Torts > Negligence > Duty > Duty Generally

**HN2** The physician-patient relationship is a consensual one and is created when the professional services of a physician are rendered to or accepted by another person for the purpose of medical or surgical treatment. Where no physician-patient relationship exists, the physician's only duty is to conduct the examination in a manner so as not to cause harm to the person being examined. More Like This Headnote

Torts > Negligence > Standards of Care > Special Care
Torts > Negligence > Duty > Duty Generally

**HN3** Negligence on the part of a physician consists of his failure to exercise the required degree of care, skill, and diligence which the law sets for members of the same line of practice. Even where no physician-patient relationship exists and there is no basis for malpractice, the physician still has a duty to conduct the examination so as not to cause harm to the patient. More Like This Headnote

Torts > Intentional Torts
Torts > Negligence > Negligence Generally

**HN4** Causes of action for negligence and willful conduct, such as assault, are separate and distinct causes of action. More Like This Headnote

Torts > Intentional Torts

**HN5** Mere allegations of malice, wantonness, or intent to injure are insufficient at law unless they are supported by sufficient allegations of specific facts. More Like This Headnote

**JUDGES:** Wagner

**OPINIONBY:** WAGNER

**OPINION:** MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE

This is a three-count action to recover damages for a personal injury allegedly sustained when the defendant physician was conducting an independent medical examination of the plaintiff following an automobile accident in which plaintiff was involved. The first count alleges medical malpractice; the second count alleges simple negligence; the third count alleges assault. Defendant moves to strike all these counts.

I.

Specifically, the defendant argues that the plaintiff cannot bring a medical malpractice claim against the defendant because, due to the defendant's status as a independent medical examiner, no physician-patient relationship existed. The defendant argues that the plaintiff's second count, negligence, merely restates the allegations of the first count and, therefore, should be stricken. Alternatively, the defendant claims that, even if the second count does not merely restate the allegations of the first count, the **[*2]** defendant was an officer of the court and is immune from liability. Finally, the defendant argues that the third count, assault, fails to allege any facts that would support the plaintiff's claim that the defendant intentionally created an apprehension of harmful physical contact.

II.

As a general rule, **HN1** a physician is liable for medical malpractice only where there is a

physician-patient relationship. Louisell and William, Medical Malpractice Matthew Bender (1988) § 8.02. We have held in Sockter, Admin. v. St. Onge, 8 CSCR 494 (May 17, 1993, Wagner, J., that without a patient-physician relationship there is no sufficient basis for a malpractice action.

In Cowan v. Wagner-Lambert Company, 9 Conn. L.Rptr. 474 (July 28, 1993, Jones, J.) it was held, citing Lee v. City of New York, 162 A.D.2d 34, 560 N.Y.S. 2d, 700) 1990, that a physician-patient relationship does not exist if the physician is retained solely to examine an employee on behalf of an employer. In the Lee case, the Appellate Division of the New York Supreme court observed HN2 "The physician-patient relationship is a consensual one . . . [and] is created when the professional services of a physician [*3] are rendered to or accepted by another person for the purpose of medical or surgical treatment." Where no physician-patient relationship exists, the physician's only duty is to conduct the examination in a manner so as not to cause harm to the person being examined. See Henkemeyer v. Boxall, 465 N.W.2d 437 (Minn. App. 1991); Keene v. Wiggins, 69 Cal. App. 3d 308, 313, 138 Cal. Rptr. 3, 7 (1977); Dominguez v. Kelly, 786 S.W.2d 749 (Tex. App. - El Paso 1990).

The independent examination in the case at bar creates a relationship similar to that created when a physician is retained solely to examine an employee on behalf of an employer. The plaintiff did not seek medical treatment and advice from the defendant, and professional services of a physician were not rendered or accepted by the plaintiff for purposes of medical treatment. Since a medical malpractice claim cannot be maintained by the plaintiff in this case, the motion to strike the first count alleging medical malpractice is appropriate.

III.

The defendant also claims that the plaintiff's second count, sounding in negligence, merely restates the allegations of the first count, and therefore, should be similarly [*4] stricken. Alternatively, the defendant claims that, even if the second count does not merely restate the allegations of the malpractice count, the defendant was an officer of the court and is immune from liability.

Generally, HN3 negligence on the part of a physician consists of his failure to exercise the required degree of care, skill, and diligence which the law sets for members of the same line of practice. Logan v. Greenwich Hospital Assn., 191 Conn. 282, 300-02, 465 A.2d 294 (1983). As we have already noted even where no physician-patient relationship exists and there is no basis for malpractice, the physician still has a duty to conduct the examination so as not to cause harm to the patient. The circumstances would seem to justify the allegations of ordinary negligence in the performance of the examination as being legally sufficient.

Those cases which have come to our attention from jurisdictions outside Connecticut uniformly concur with this reasoning.

In Beadling v. Sirotta, 41 N.J. 555, 197 A.2d 857 (1964), a plaintiff sued a radiologist for an alleged negligent diagnosis and report made by the defendant physician following a pre-employment physical examination [*5] required by the plaintiff's employer. The defendant argued that there was no physician-patient relationship between him and the plaintiff. The Supreme Court of New Jersey stated at 197 A.2d 860

> Whether or not a physician-patient relationship exists, within the full meaning of that term, we believe that a physician in the exercise of his profession examining a person at the request of an employer owes that person a duty of reasonable care. It is clear that the doctor cannot negligently burn him by overexposure to X-ray during the examination without incurring liability.

Get a Document - by Citation - 1994 Conn. Super. LEXIS 490

Case 3:01-cv-01908-AVC    Document 180-3    Filed 12/23/2003    Page 4 of 5

Page 4 of 5

In Bratt v. International Business Machines Corporation, 392 Mass. 508, 467 N.E.2d 126 (1984), the Supreme Judicial Court of Massachusetts stated at 392 Mass. 523 "When an employer retains a physician to examine employees, generally no physician-patient relationship exists between the employee and the doctor. Physicians in such a situation, however, must still exercise reasonable care and skill in their relationship with the employees."

In Henkemeyer v. Boxall, supra, the Minnesota Appeals Court held that in the absence of a physician-patient relationship, the doctor's only duty was to conduct [*6] the examination so as to not cause harm to the patient.

We find no merit in defendant's claim that the plaintiff's count alleging ordinary negligence in the performance of the examination is legally insufficient.

The defendant's second ground for striking the plaintiff's negligence count, i.e. that the defendant was immune from suit immunity because he was court-appointed, has no support in Connecticut law. We find no valid reason for conferring such immunity on a physician conducting an independent examination, even if he is court-appointed.

IV.

In the third count, plaintiff claims the defendant physician "assaulted" her, and that this assault was willful, wanton and malicious." In ordinary circumstances an allegation of assault would be legally sufficient, without more, to withstand a motion to strike.

The defendant claims in his motion to strike that in this case the plaintiff has failed to allege sufficient facts to support her claim for willful, wanton, and malicious assault by the defendant physician. The plaintiff's memorandum in opposition to the defendant's motion to strike fails to address this claim.

HN4 Causes of action for negligence and willful conduct, such as assault, [*7] are separate and distinct causes of action. Drisdelle v. City of Hartford, 3 Conn. App. 343, 346, 488 A.2d 465 (1985). In this count the claim of simple assault is embellished not by underlying factual allegations, but by claims of wanton and malicious conduct. HN5 Mere allegation of malice, wantonness or intent to injure are insufficient at law unless they are supported by sufficient allegations of specific facts. Warner v. Leslie-Elliott Constructors, Inc., 194 Conn. 129, 139 479 A.2d 231 (1984). In this case claiming negligence by an examining physician in one count, something more than these bare allegations is required to sustain the claim of willful assault in the third count.

Motion to strike Counts One and Three granted.

Motion to Strike Count Two denied.

Wagner, J.

Service: **Get by LEXSEE®**
Citation: **1994 Conn. Super. LEXIS 490**
View: Full
Date/Time: Monday, December 22, 2003 - 4:34 PM EST

* Signal Legend:
● - Warning: Negative treatment is indicated

Get a Document - by Citation - 1994 Conn. Super. LEXIS 490                                Page 5 of 5

Case 3:01-cv-01908-AVC   Document 180-3   Filed 12/23/2003   Page 5 of 5

⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.