UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN WARD | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:01CV1908 (AVC) |
| | : | |
| v. | : | |
| | : | |
| ROBERT MURPHY, et al. | : | |
| *Defendant* | : | JANUARY 26, 2004 |

### STATE DEFENDANTS' OBJECTION TO MOTION TO DELAY PROCEEDINGS UNTIL THE JUVENILE COURT DECIDES WHETHER TO OPEN THE JUVENILE COURT RECORD FOR PURPOSES OF JUDICIAL AND COLLATERAL ESTOPPEL

The Defendants, employees of the Department of Children and Families, Robert Murphy, Ralph Arnone, Roger Lima, Sandra Liquindoli and Edward Federci, (hereinafter, "State Defendants") herein object to the plaintiff's request for a delay of the proceedings. The grounds for said objection are as follows:

(1)     On January 14, 2004, the Juvenile Court, (Black, J.), held a hearing regarding the plaintiff's request to open the juvenile record which was not filed by the plaintiff until November 2003.

(2)     The Court, (Black, J.), indicated it would review the record to determine if there was any information that needed to be forwarded to the federal court for purposes of a trial on this matter. There are no transcripts of the juvenile court proceedings in the file and the plaintiff has not ordered any transcripts.

(3)     The Court (Black, J.), specifically indicated it would not be addressing the issues of collateral estoppel.

(4)     The plaintiff has had since November of 1998 to obtain access to and seek disclosure of the juvenile record for purposes of his lawsuit. He has had since the first Motion for Summary

Judgment was filed by the State on February 11, 2003 to seek disclosure. He has also had since the October 22, 2003 Discovery Conference to obtain the juvenile court record.

(5) The State defendants have already stipulated through the pleadings in this matter that the Juvenile Court, (Eveleigh, J.) vacated the Order of Temporary Custody (OTC). There are no transcripts of the juvenile court proceeding in the file.

(6) Collateral estoppel or issue preclusion does not apply in a §1983 action against social workers where the prior action being claimed to have preclusive effect was an Order of Temporary Custody (OTC) hearing where the issue is whether a child should remain in DCF custody and the parties include the parents, the child and the State of Connecticut. In the current action, the issue concerns whether the social workers were reasonable in their decision to remove the child and the parties to the action are one parent and the social workers as individuals. There is no identity of issues or parties and the individual defendants did not have a fair opportunity to litigate the issues of a civil rights action. See Kulak v. City of New York, 88 F.3d 63, 71-72 (1996).

(7) The plaintiff is seeking to unnecessarily delay these proceedings and his request for an indeterminate delay after numerous extensions have already been granted should be denied. He had cited no valid legal arguments for the necessity of the juvenile court records.

Wherefore, the State Defendants respectfully object to the plaintiff's Motion to Delay Proceedings Until the Juvenile Court Decides Whether to Open the Juvenile Court Record for Purposes of Judicial and Collateral Estoppel and respectfully requests that the Motion be denied and the State Defendants' objection be sustained.

                          STATE DEFENDANTS

                          BY: RICHARD BLUMENTHAL
                          ATTORNEY GENERAL

BY: _____
     Carolyn Signorelli
     Assistant Attorney General
     Federal Bar No.ct 17534
     55 Elm Street, 3rd Fl. Annex
     Hartford, CT  06l06
     Tel: (860) 808-5160
     Fax: (860) 808-5384
     e-mail:carolyn.signorelli@po.state.ct.us

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 27th day of January, 2004, first class postage prepaid to:

Mr. John Ward
18 Garmella Boulevard
Danbury, CT 06810

James Williams, Esq.
Williams, Walsh & O'Connor
110 Washington Avenue, 2nd Fl.
North Haven, CT 06473

Stephen Fogerty, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

Heidi M. Cilano, Esq.
Garie J. Mulcahey, Esq.
Bai, Pollock, Blueweiss & Mulcahey, P.C.
10 Middle Street
Bridgeport, CT 06604

_____
Carolyn Signorelli
Assistant Attorney General