```
           UNITED STATES DISTRICT COURT
              DISTRICT OF CONNECTICUT
```

JOHN WARD,                      :
     Plaintiff,                 :
                                :
v.                              :   Civil No.  3:01CV1908(AVC)
                                :
ROBERT MURPHY, et al,           :
     Defendants.                :

## RULING AND ORDER ON PLAINTIFF'S MOTION TO DENY SUMMARY JUDGMENT

This is an action for damages brought pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Connecticut constitution and common law tenets concerning medical malpractice, negligent infliction of emotional distress, interference with a contractual relationship, false imprisonment, defamation, and slander.  The complaint alleges, inter alia, that the defendants unlawfully took custody of the plaintiff's child in violation of the plaintiff's constitutional and statutory rights.  On November 10, 2003, the defendants, the Connecticut Department of Children and Families ("DCF"), Robert Murphy, Sandra Liquindoli, Ralph Arnone, Roger Lima, Edward Federici, and Kristine Ragaglia, hereinafter referred to collectively as the "state defendants," filed a motion for summary judgment.  On January 26, 2004, the plaintiff filed the instant motion to deny the motion for summary judgment (document no. 188).  For the reasons that hereinafter follow, the plaintiff's motions (documents no. 188) is DENIED.

1

The plaintiff contends that the state defendants' motion for summary judgment should be denied and the proceedings stayed, until such time as the Connecticut superior court, juvenile division, determines whether it will open records that are purportedly relevant to this matter. The plaintiff asserts, and the defendants do not dispute, that he has filed a petition to open the juvenile court records, but that there has been no ruling on the petition. The plaintiff maintains that the juvenile court records, which relate to custody proceedings involving the plaintiff's infant child initiated by the state, may contain findings and conclusions that would estop the state defendants from rasing "issues [that] may have already been adjudicated in" state court. More specifically, the plaintiff maintains that, with regard to the claim of qualified immunity raised in the state defendants' motion for summary judgment, the juvenile court's decisions will "yield estoppel arguments . . . that the DCF offers no objective evidence of abuse or neglect such as unexplained injury or diagnostic test which showed [that the plaintiff's child] was in medical need." The court is not persuaded.

The state defendants' arguments for qualified immunity, inter alia, relate to the reasonableness of the individual defendants' determination that the plaintiff's child was in

2

danger.[1] These reasonableness determinations relate to the actions of the defendants before the juvenile court was involved. In other words, the arguments raised by the state, generally speaking, do not require this court to consider any determination of the juvenile court. Additionally, to the extent that the juvenile court has made any determinations that aid the plaintiff's claims, the plaintiff may file an affidavit in conjunction with his opposition to the motion for summary judgment indicating that to be the case.[2] Thus, to deny the state defendants' motion and stay the proceedings would create an unnecessary delay and would likely prove to be of little benefit.

Consequently, the plaintiff's motion to deny summary judgment is DENIED. The plaintiff shall have to and including February 13, 2004 to respond to the motion for summary judgment. Failure to respond may result in dismissal of the plaintiff's complaint.

It is so ordered this **4TH** day of February, 2004, at Hartford, Connecticut.

Alfred V. Covello, U.S.D.J.

---

[1] The state defendants raise other arguments in their motion for summary judgment, namely, the eleventh amendment, state law regarding sovereign immunity, standing, the doctrine of privilege in regards to the claims of slander and defamation, and alleged deficiencies regarding the state law causes of action alleged in the complaint. The plaintiff, however, does not contend that these arguments are effected by the findings of the juvenile court.

[2] Those affidavits would, of course, have to be of the form and type identified in Fed. R. Civ. P. 56.

3