## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| John Ward | ) | |
|        Plaintiff | ) | Civil Action No.: |
| | ) | **3:01CV1908(AVC)** |
|        V. | ) | |
| | ) | |
| Robert Murphy, et.al. | ) | |
| | ) | |
|        Defendants | ) | February 18, 2004 |

## CORRECTIONS TO PLAINTIFF'S MEMORANDUM

I am the plaintiff in the above titled case. The following are corrections to my 2/17/04 **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DELAY OF PROCEEDINGS UNTIL THE STATE JUVENILE COURT DECIDES WHETHER TO OPEN THE JUVENILE COURT RECORD.**

1) The title should not include delay in proceedings language. The title should read: **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF DENYING DEFENDANT HOSPITAL AND STATE MOTIONS FOR SUMMARY JUDGMENT.**

2) The following two pages should be inserted as page 10 of the memorandum to include argument about **Ferguson v. Charleston,** 532 U. S. 67 (2001).

There are other things which need changing but that may be for later.

*Insert these two pages as page 10 of my 2/17/04 memorandum.*

against charges of abuse and neglect.[9]  The Connecticut Courts adopted a more expansive rule which includes a specific guarantee of a parent's right to remain silent[10].  Even the DCF believes parents have the right to remain silent because defendant Arnone sent me a notice (Exhibit 48) less than two days after he seized Donna, stating that I had a right to an attorney and to remain silent.  The Supreme Court thinks it's a good idea to have an attorney (**Lassiter**, infra).  Murphy and Lima should have told me that I have the right to an attorney before they questioned me yet they specifically told me (through the DPD) that I didn't have a right to an attorney.  See: the video.

In **Lassiter v DSS**, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640(1981), **Matter of K.L.J.** 813 P.2d 276 (Alaska,1991), and **In re Ariel G.**, 2003 WL 22908094 (Md.App.,12/10/2003) the courts said it was a good idea to have an attorney in parental rights terminations and that if there is some question as to whether there was a possibility of a criminal complaint attached to the proceeding then an attorney might be required to be appointed under the US Constitution's Fourteenth and Sixth Amendment due process.  In **Ferguson v. Charleston,** 532 U.S. 67 (2001), the Court examined whether a state hospital could gather evidence (drug screens) from pregnant women about their drug habits for use in forcing women into drug treatment and prosecuting them for child abuse.  The Court held that performance of a diagnostic test to obtain evidence of a patient's criminal conduct for law enforcement purposes is an unreasonable search if the patient has not consented to the procedure. The interest in using the threat of criminal sanctions to deter pregnant women from using cocaine cannot justify a

---

[9] **CGSA  46b-135. (Formerly Sec. 51-316). Right to counsel and cross-examination.** (a) At the commencement of any proceeding concerning the alleged delinquency of a child, the parent or parents or guardian and the child shall have the right to counsel and be so informed by the judge, and that if they are unable to afford counsel that counsel will be provided for them. Such counsel and such parent or parents or guardian or child shall have the rights of confrontation and cross-examination. (b) At the commencement of any proceeding on behalf of a neglected, uncared-for or dependent child or youth, the parent or parents or guardian of the child or youth shall have the right to counsel, and shall be so informed by the judge, and that if they are unable to afford counsel, counsel will be provided for them, and such counsel and such parent or guardian of the child or youth shall have the rights of confrontation and cross-examination.

[10] **Connecticut PB Sec. 34-1. Right to Counsel and to Remain Silent.** See: Exhibit 196 for the full text of the section.

departure from the general rule that an official nonconsensual search is unconstitutional if not authorized by a valid warrant.

This Court should examine **Ferguson, Lassiter, KLJ,** and **Ariel,** supra and determine if, in light of those cases; the **US Constitution's Fourth, Fifth, and Sixth Amendments; CGSA 46b-135; Connecticut PB 34-1;** Congress' decision to deputize all DCF investigators as criminal law enforcement investigators and to require that information gathered from civil child protection investigations be turned over to the criminal investigators to use in a *multidisciplinary approach* to prosecuting child abuse and neglect;[11] the Connecticut legislature's agreement with the federal government and deputizing of the DCF and others into criminal law enforcement agents;[12] – The Court should determine whether DCF investigators Murphy, Lima, Arnone, and Liquindoli were required to inform me of my right to remain silent on 10/10 and 10/18, inform me of my right to have an attorney present during questioning, and were required to have a search warrant to enter my home on 10/10 and 10/18/99 to do a home inspection.

I believe I asked for the Court to make a declaratory judgment on this in my complaint and to give me whatever other relief, such as this, which would prevent the same thing from happening in the future. Also, the State is using it as argument which it will use in front of the jury to say that I had some responsibility for their seizing Donna. The Court will have to instruct the jury that the DCF was acting illegally by not informing me of my right to remain silent, have an attorney and its failure to obtain a search warrant before entering my home for their search (home inspection).

---

[11] **Exhibit 202 -- 42 USCA SEC 13001 thru 13041**
[12] **CGSA 17a-101a, 101b, 106, and 106a (see: exhibit 195).**

Respectfully submitted by,

_____ Date: 2/18/04
John Ward, acting pro se and sui juris
18 Garamella Boulevard
Danbury, Connecticut 06810
(203) 790-4920

    I certify that I faxed and mailed a copy of these corrections to the Defendants' counsel of record.

Respectfully submitted by,

_____ Date: 2/18/04
John Ward, acting pro se and sui juris
18 Garamella Boulevard
Danbury, Connecticut 06810
(203) 790-4920