UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN WARD<br>  Plaintiff,<br><br>v.<br><br>ROBERT MURPHY, STATE OF<br>CONNECTICUT DEPARTMENT OF<br>CHILDREN AND FAMILIES,<br>CHRISTINE RAGAGLIA, DANBURY<br>POLICE DEPARTMENT, ROBERT<br>PAQUETTE, SHAUN MCCOLGAN,<br>ROBERT MADORE, JAMES MCNAMARA,<br>PETER GANTERT, CITY OF<br>DANBURY, DANBURY VISITING<br>NURSE ASSOCIATION, VIRGINIA<br>LOURENCO, JUDY GIBNEY,<br>DANBURY HOSPITAL, EITAN<br>KILCHEVSKY, JOAN MILLS,<br>CATHOLIC FAMILY SERVICES,<br>ROGER LIMA, EDWARD FEDERICI,<br>RALPH ARNONE, SANDRA<br>LIQUINDOLI,<br>  Defendants. | Civil No. 3:01CV01908(AVC) |



## ORDER TO PRO SE PLAINTIFF TO COMPLY WITH LOCAL RULE 56

This is an action for damages brought pursuant to, inter alia, 42 U.S.C. § 1983. On November 12, 2003, Robert Murphy, Sandra Liquindoli, Ralph Arnone, Roger Lima, Edward Fedeerici, Kristine D. Ragalia and the State of Connecticut Department of Children and Families (collectively the "state defendants") filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b). On November 12, 2003, the state defendants also filed a Local Rule 56(a)(1) statement of material facts not in dispute.

On February 18, 2004 the plaintiff filed a response to the state defendants' motion. The plaintiff, however, failed to file a "Local Rule 56(a)(2) Statement" as required by Local Rule of

Civil Procedure 56. The District of Connecticut Local Rule of Civil Procedure 56(a)(2) provides that:

> The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)(2) Statement," which states in separately numbered paragraphs corresponding to the paragrpahs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section a list of each of material fact as to which it is contended there is a genuine issue to be tried.

Conn. L. R. Civ. P. 56(a)2. The rule further requires that each paragraph of the plaintiff's Local Rule 56(a)2 statement "must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." Failure to comply with this rule may result in all of the facts contained in the defendants' Local Rule 56(a) statement as being deemed admitted by the plaintiff, see Conn. L. R. Civ. P. 56(a)(1), or as grounds for granting the defendants' motion, see Booze v. Shawmut Bank, Connecticut, 62 F. Supp. 2d 593, 595 (D. Conn. 1999).

In this case, the plaintiff has failed to comply with Conn. L. R. Civ. P. 56. Therefore, the court hereby orders that the plaintiff comply with Conn. L. R. Civ. P. 56. Failure to comply may result in sanctions. The plaintiff shall have to and including May 3, 2004 to comply with this order.

It is so ordered this 13TH day of April, 2004, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge