**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JOHN WARD                          :          CIVIL ACTION NO.
    *Plaintiff*                       :          3:01CV1908 (AVC)
                                     :
v.                                 :
                                     :
ROBERT MURPHY, et al.              :
    *Defendant*                      :          JULY 27, 2004

<u>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR**</u>
<u>**PLAINTIFF'S FAILURE TO PROSECUTE AND TO COMPLY WITH THE COURT'S**</u>
<u>**ORDERS**</u>

Pursuant to Fed. R. Civ. P. 41(b), the defendants, employees of the Department of

Children and Families, Robert Murphy, Ralph Arnone, Roger Lima, Sandra Liquindoli, and

Edward Federci, (hereinafter, "State Defendants") move the Court to dismiss this action for the

plaintiff's failure to prosecute and failure to comply with the Court's orders, including the order

issued on April 14, 2004 to comply with Local Rule 56.

<u>**Background**</u>

On November 19, 2003 the State Defendants filed a motion for summary judgment, an

accompanying memorandum and supporting affidavits. On January 4, 2004 the pro se plaintiff

filed a motion for extension of time to respond to the State Defendants' motion for summary

judgment until January 9, 2004.  The Court granted the extension until January 12, 2004.

Subsequently, the plaintiff failed to respond by the delayed deadline and filed another motion for

extension of time on January 12, 2004. Despite the State Defendants' objection, the Court

granted the second extension of time and gave the plaintiff until January 23, 2004 to respond.

On January 23, 2004 the plaintiff filed a motion to delay proceedings and withhold

judgment on the State Defendant's motion for summary judgment until the State Juvenile Court

ruled on the plaintiff's petition to open the juvenile court record of his daughter. The plaintiff

explained that he was seeking the delay for the purposes of judicial and collateral estoppel.  On February 4, 2004 the plaintiff's motion to delay proceedings was denied and the plaintiff was given until February 10, 2004 to respond to the State Defendants' motion for summary judgment.

The plaintiff did not respond until February 18, 2004 at which time he simultaneously filed a motion for extension of time, which was granted, and a motion to deny the State Defendants' motion for summary judgment, along with supporting memoranda.  In his motion for an extension of time the plaintiff claimed that he did not receive the decision denying his motion to delay proceedings nor the court order requiring the plaintiff to file memoranda in response to the State Defendants' motion until February 10, 2004, although the decision and order were postmarked on February 4, 2004.  This was third instance the plaintiff failed to receive mail on time due to some alleged delay in the postal system.

In the February 18, 2004 memorandum in support of denying the State Defendants' motion for summary judgment, the plaintiff failed to comply with Local Rule 56. On April 13, 2004 an order was signed by Judge Alfred V. Covello requiring the plaintiff to comply with Local Rule 56 by May 3, 2004. The plaintiff filed a motion for extension of time to comply with the Court's order on May 4, 2004. For the second time the plaintiff made the motion subsequent to the Court's deadline. The extension was granted and the plaintiff was given until May 12, 2004 to file his statement of the facts.

The plaintiff did not respond to the Court's order until June 14, 2004 when the plaintiff motioned for another extension of time. However, in his motion the plaintiff only asked for an extension to make additional legal arguments and failed to request an extension to comply with the previous order to file his statement of material facts.  The Court again granted the motion and gave the plaintiff until June 21, 2004 to correctly respond to the State Defendants' motion for

2

summary judgment.  Two days after the already delayed deadline the plaintiff again responded

with a motion for extension of time, which was granted over the State Defendants' objections.

The plaintiff was given until July 8, 2004 to comply with the Court's order.  At present, no

further action has been taken by the plaintiff to prosecute his claim or to comply with Local Rule

56 despite the Court's order that a failure to comply may lead to sanctions, including deeming

the defendant's Local Rule 56(a) statement as being admitted by the plaintiff or granting the

defendant's motion.

Because the plaintiff has failed to take the proper actions to prosecute his suit since the

State Defendants' motion for summary judgment and has failed to comply with the Court's

orders, the State Defendants now move for dismissal of the action.

### Law and Argument

"For failure of the plaintiff to prosecute or to comply with these [federal] rules or any

order of court, a defendant may move for dismissal of an action or of any claim against the

defendant." Fed R. Civ. P. 41(b). "Unless the court in its order for dismissal otherwise specifies,

a dismissal under this subdivision and any dismissal not provided for in this rule, other than a

dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19,

operates as an adjudication upon the merits." Id.

"[T]he authority of a federal trial court to dismiss a plaintiff's action with prejudice

because of his failure to prosecute cannot seriously be doubted." Link v. Wabash Railroad Co.,

370 U.S. 626, 629 (1962). It is plaintiff's obligation to move his case to trial, and should he fail

to do so in a reasonable manner, his case may be dismissed with prejudice as a sanction for his

unjustified conduct. See, e.g., Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir.

1982); Messenger v. United States, 231 F.2d 328, 331 (2d Cir. 1956). Although the Court  has

acknowledged that such a dismissal with prejudice is "a harsh remedy," Theilmann v. Rutland

Hospital Inc., 455 F.2d 853, 855 (2d Cir. 1972), it nevertheless, is necessarily vested in courts to

manage their own affairs so as to achieve the orderly and expeditious disposition of cases. Link,

370 U.S. at 630-31; Theilmann, 455 F.2d at 855. Further, the sanction serves a dual function in

punishing an offending party and deterring similar litigants from such conduct in the future.

National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43 (1976).

The authority to invoke dismissal for failure to prosecute is vital to the efficient

administration of judicial affairs and provides meaningful access for other prospective litigants to

over-crowded courts. Theilman, 455 F.2d at 855. "The sanction is necessary if the thousands of

other litigants are to have their day in court and if the rules and directions of the court are ever to

be followed." Quagliano v. United States, 293 F.Supp. 670, 672 (S.D.N.Y. 1990) citing Davis v.

United States Fruit Co., 402 F.2d 328 (2d cir. 1968).

A court will consider the record as a whole and weigh the following factors in

determining if a dismissal for failure to prosecute is appropriate: [1] the duration of the plaintiff's

failures, [2] whether plaintiff had received notice that further delays would result in dismissal,

[3] whether the defendant is likely to be prejudiced by further delay, [4] …the balance between

alleviating court calendar congestion and protecting a party's right to due process and a fair

chance to be heard . . . and [5] …the efficacy of lesser sanctions. Jackson v. City of New York,

22 F.3d 71, 74-76 (2d Cir. 1994) (alteration in original) (quoting Alvarez v. Simmons Mkt.

Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988).

Although no single factor is dispositive, See Shannon v. General Elec. Co., 186 F.3d 186,

(2d Cir. 1999), the primary rationale underlying a dismissal under 41(b) is the failure of plaintiff

in his duty to process his case diligently. Messenger, 231 F.2d at 331. Where a plaintiff has

4

failed to take specific and concrete action over a length of time, his complaint may be dismissed

for failure to prosecute. See <u>Chira v. Lockheed Aircraft Corp., 634 F.2d 664</u> (2d Cir. 1980)

(holding that a delay of six months in completing discovery and proceeding to trial justifies

dismissal under Rule 41(b)); <u>Cucurillo v. Schulte, Bruns Chiff Gesellschaft, M.B.H.</u>, 324 F.2d

234 (2d Cir. 1963) (one year of no activity is grounds for dismissal with prejudice); <u>Paris v.</u>

<u>Vacco</u>, 1999 U.S. App. LEXIS 25496 (holding that last-minute delays, use of medical excuses to

delay, and plaintiff's failure to retain an attorney, when he undertook to do so, constitute a

"pattern of dilatory tactics" worthy of dismissal).

Further, prejudice to defendants resulting from unreasonable delay may be presumed,

<u>Citizens Utilities Co. v. American Telephone and Telegraph Co.</u>, 595 F.2d 1171, 1174 (9th Cir.),

cert. denied, 444 U.S. 931 (1979), but in cases where delay is more moderate or excusable, the

need to show actual prejudice is proportionally greater, see <u>Messenger</u>, 231 F.2d at 331.

The sanction is appropriately imposed in cases of willfulness, bad faith, and reasonably

serious fault. See <u>Nat'l Hockey League v. Metro. Hockey Club, Inc.</u>, 427 U.S. 639 (1976);

<u>Bambu Sales, Inc. v. Ozak Trading Inc.</u>, 58 F.3d 849, 853-54 (2d Cir. 1995)  (defendants'

"deliberate obstruction" in failing to comply with court orders justified the "potent medicine" of

the entry of judgment in plaintiff's favor); <u>Minotti v. Lensink</u>, 895 F.2d 100, 103 (2d Cir. 1990)

(district court did not abuse discretion in dismissing action following plaintiff's failure to heed

discovery orders on four separate occasions and the court's warning of the threat of dismissal).

<u>Gibbs v. Hawaiian Eugenia Corp.</u>, 966 F.2d 101, 109 (2d Cir. 1992) (failure to prosecute can

"evidence itself ... in a pattern of dilatory tactics").

Further, "[t]he Second Circuit 'has upheld' the severe sanction of dismissal with

prejudice…even against a plaintiff who is proceeding pro se, so long as a warning has been

given that noncompliance may result in dismissal." Id., citing Baba v, Japan Travel Bureau Int'l,

Inc., 111 F.3d 2, 5 (2d Cir. 1997).  "All litigants, including pro ses, have an obligation to comply

with court orders." Id. When they flout that obligation they, like all litigants, must suffer the

consequences of their actions." Id., citing McDonald v. Head Criminal Court Supervisor Officer,

850 F.2d 121, 123 (2d Cir. 1988); Lindsey v. Loughlin, 616 F. Supp. 449, 453 (E.D.N.Y. 1985)

(dismissing pro se plaintiff's case under Rule 41(b) because of plaintiff's failure to appear at

scheduled conferences, maintain contact with the court, or take other action in preparation of

trial).

        The Court in its order to the pro se plaintiff to comply with Local Rule 56, warned the

plaintiff that failure to comply with the order could lead not only to sanctions, but also the

acceptance of the defendant's statement of facts as admitted or the granting of the motion to

dismiss. Booze v. Shawmut Bank, 62 F. Supp. 2d 593, 595 (D. Conn. 1999) (the absence of a

timely statement of facts alone would be grounds for a grant of summary judgment); see also

Dusanenko v. Maloney, 726 F.2d 82, 84 (2d Cir. 1984) (no filing in compliance with local rule;

grant of summary judgment); Trzaskos v. St. Jacques, 39 F. Supp. 2d 177 (D. 2Conn. 1999)

(granting summary judgment); Kusnitz v. Yale Univ. Sch. Of Medicine, 1998 U.S. Dist. LEXIS

21812, 1998 WL 422903 (D. Conn. 1998) (granting summary judgment); Scianna v. McGuire, et

al., 1996 U.S. Dist. LEXIS 22334, 1996 WL 684400 (D. Conn. 1996) (granting summary

judgment).

        Here, the plaintiff has failed to prosecute his claim and willfully disregarded the Court's

orders.  The State Defendants filed their motion for summary judgment approximately seven

months ago and the plaintiff has failed to comply with Local Rule 56 despite the granting of  four

extensions of time (three of which where filed after the scheduled due date).  No excuse has been

provided to the Court by the plaintiff.

The plaintiff has been warned by the Court that failure to comply with Local Rule 56 may

be followed by sanctions. The plaintiff has willfully disregarded the Court's orders, not only in

this situation, but also in the past. The plaintiff has failed to attend scheduled conferences and

placed the blame on the postal system. The plaintiff has failed to respond timely and placed the

blame on the postal system. These dilatory tactics further evidence the plaintiff's failure to

prosecute and comply with the Court's orders. Due to the plaintiff's actions, the State Defendants

have been burdened by the on going litigation and their failed efforts to achieve closure in this

action.

The Court has already granted an inordinate degree of leniency to this pro se plaintiff.

The plaintiff has made a total of 18 motions for extension of time since the complaint against the

State Defendants was filed on November 10, 2001.  The conduct the plaintiff has engaged in

hinders the efficiency of administration of judicial affairs and diminishes access for other

prospective litigants to the already over-crowded court system.

## Conclusion

Accordingly, the State Defendants respectfully ask the Court to grant this motion, dismiss

the plaintiff's action and enter judgment for the defendant. In the alternative, the State

Defendants ask that the Court enter sanctions for the plaintiff's failure to comply with Local

Rule 56 and grant the defendants' motion for summary judgment.  In making this request, the

defendant hereby incorporates each and every argument set forth in its motion for summary

judgment and accompanying documents.


STATE DEFENDANTS

BY: RICHARD BLUMENTHAL
ATTRONEY GENERAL

BY:     _____

Carolyn Signorelli
Assistant Attorney General
Federal Bar No.ct 17534
55 Elm Street, 3rd Fl. Annex
Hartford, CT 06106
Tel: (860) 808-5160
Fax: (860) 808-5384
e-mail: carolyn.signorelli@po.state.ct.us

8