FILED

2004 AUG -6 A 11:07

U.S. DISTRICT COURT
HARTFORD, CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN WARD | : | CIVIL ACTION NO.: |
| Plaintiff | : | 3:01 CV 1908 (AVC) |
| VS. | : | |
| ROBERT MURPHY - Investigator for State of CT. et al | : | |
| Defendants | : | AUGUST 6, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

The undersigned defendants, **DANBURY VISITING NURSE ASSOCIATION, VIRGINIA LOURENCO, R.N., JUDY GIBNEY, R.N., DANBURY HOSPITAL, EITAN KILCHEVSKY, M.D., and JOAN MILLS, MSW, (herinafter "hospital defendants")** hereby move to dismiss the plaintiff's action pursuant to Fed. R. Civ. P. 41(b) on the basis that the plaintiff has failed to prosecute and comply with this Court's orders, specifically this Court's order dated April 14, 2004 pertaining to compliance with Local Rule 56.

**I.    Procedural History**

The hospital defendants moved for summary judgment on December 22, 2003. The plaintiff subsequently moved for an

3

extension of time to respond to the summary judgment which was granted. The plaintiff then filed a second motion for extension of time on January 9, 2004, requesting until January 23, 2004 to respond, which this Court granted, noting "no further extensions."

The plaintiff then filed a motion to delay the proceedings pending this Court's ruling on his petition to open the juvenile court record of his daughter. This Court, (Covello, J.) denied the plaintiff's motion and ordered the plaintiff to respond to the Hospital defendant's motion for summary judgment by February 13, 2004. This Court further ordered that the "[f]ailure to respond may result in dismissal of the plaintiff's complaint." (See attached Order dated February 3, 2004).

The plaintiff failed to comply with this Court's order, responding on February 17, 2004 via motion to deny Hospital's motion for summary judgment and another motion for extension of time. In support of his motion for extension of time, the plaintiff asserted that he did not receive the aforementioned

order until February 10, 2004, despite a postmark of February 4, 2004.

On April 13, 2004, this Court, (Covello, J.) ordered the plaintiff to comply with Local Rule 56 by May 3, 2004. Again, the plaintiff failed to comply with this Court's order, instead moving for an extension of time to comply on May 4, 2004. This Court granted the plaintiff's motion, allowing him until May 12, 2004 to file his statement of facts pursuant to Local Rule 56.

For the third time, the plaintiff failed to respond to this Court's order and moved for an extension of time to assert additional legal arguments on June 14, 2004. The plaintiff, however, did not request an extension to comply with Local Rule 56. Notwithstanding, this Court granted his motion, allowing the plaintiff until June 21, 2004 to correctly respond to the Hospital defendants' motion for summary judgment.

On June 21, 2004 and June 28, 2004, the plaintiff moved for his fourth and fifth extensions of time to respond to the Hospital defendants' motion for summary judgment. Over objections from both defendants', this Court gave the plaintiff

5

until July 8, 2004 to comply with its Order. As of today's date, the plaintiff still has failed to comply with Local Rule 56 or take any action with respect to the prosection of his claims. Consequently, the Hospital defendants now move for a judgment of dismissal.

II. **Legal Argument**

"For failure of the plaintiff to prosecute or to comply with these [federal] rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed R. Civ. P.41(b). "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Id.

"[T]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). As a measure of sanctions, a

6

party's case may be dismissed with prejudice in the event that the party fails to pursue the case with reasonable diligence. See, e.g., Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982); Messenger v. United States, 231 F.2d 328, 331 (2d Cir. 1956).  The sanction of dismissal is necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.  Link, 370 U.S. at 630-31; Theilmann, 455 F.2d at 855.  Further, the sanction serves a dual function in punishing an offending party and deterring similar litigants from such conduct in the future. National Hockey League v. Metropolitan Hockey Club, Inc. 427 U.S. 639, 642-43 (1976).

A court's discretion to dismiss matters which have not been diligently pursued is imperative for the efficient administration of justice and to ensure that other prospective litigants have access to over-crowded dockets.  Theilman, 455 F.2d at 855.  "The sanction is necessary if the thousands of other litigants are to have their day in court and if the rules and directions of the court are ever to be followed."  Quagliano

7

v. United States, 293 F. Supp. 670, 672 (S.D.N.Y. 1990) citing Davis v. United States Fruit Co., 402 F.2d 328 (2d cir. 1968).

A court will consider the record as a whole and weigh the following factors in determining if a dismissal for failure to prosecute is appropriate: [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] . . . the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] . . . the efficacy of lesser sanctions. Jackson v. City of New York, 22 F.3d 71, 74-76 (2d Cir. 1994) (alteration in original) (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc. 839 F.2d 930, 932 (2d Cir. 1988). Although no single factor is dispositive, See Shannon v. General Elec. Co., 186 F.3d 186, (2d Cir. 1999), the primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently. Messenger, 231 F.2d at 331. Where a plaintiff has failed to take specific and concrete action over a length of

8

time, his complaint may be dismissed for failure to prosecute. See <u>Chira v. Lockheed Aircraft Corp.</u>, 634 F.2d 664 (2d Cir. 1980) (holding that a delay of six months in completing discovery and proceeding to trial justifies dismissal under Rule 41(b); <u>Cucurillo v. Schulte, Bruns Chiff Gesellschaft, M.B.H.</u>, 324 F.2d 234 (2d Cir. 1963) (one year of no activity is grounds for dismissal with prejudice); <u>Paris v. Vacco</u>, 1999 U.S. App. LEXIS 25496 (holding that last-minute delays, use of medical excuses to delay, and plaintiff's failure to retain an attorney, when he undertook to do so, constitute a "pattern of dilatory tactics" worthy of dismissal).

Further, "[t]he Second Circuit 'has upheld' the severe sanction of dismissal with prejudice . . . even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance may result in dismissal." <u>Id.</u>, citing <u>Baba v. Japan Travel Bureau Int'l, Inc.</u>, 111 F.3d 2, 5 (2d Cir. 1997). "All litigants, including pro ses, have an obligation to comply with court orders." <u>Id.</u> When they flout that obligation they, like all litigants, must suffer the

9

consequences of their actions." Id., citing McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 123 (2d Cir. 1988); Lindsey v. Loughlin, 616 F. Supp 449, 453 (E.D.N.Y. 1985) (dismissing pro se plaintiff's case under Rule 41(b) because of plaintiff's failure to appear at scheduled conferences, maintain contact with the court, or take other action in preparation of trial).

In the present matter, this Court's Order (Covello, J.) put the plaintiff on notice that a dismissal may enter if he did not comply. (See attached Order dated February 3, 2004). Notwithstanding, the plaintiff failed to comply and continually moved for continuances, willfully disregarding this Court's orders. The plaintiff has moved for five extensions of time to respond to the Hospital defendants' motion for summary judgment dated December 22, 2003, each time failing to set forth any valid basis. The continuous delays by the plaintiff serve to obfuscate the litigation of this case and constitute extreme prejudice to the Hospital defendants.

### III. Conclusion

Wherefore, for the foregoing reasons, the undersigned defendants respectfully request this Court grant this Motion to Dismiss.

```
                              THE DEFENDANTS,
                              DANBURY VISITING NURSE ASSOC;
                              VIRGINIA LOURENCO, R.N; JUDY
                              GIBNEY, R.N; DANBURY HOSPITAL;
                              EITAN KILCHEVSKY, M.D.; JOAN
                              MILLS, MSW.


                              BY_____
                                 BENJAMIN K. POTOK
                                      OF
                                 BAI, POLLOCK, BLUEWEISS
                                    & MULCAHEY, P.C.
                                 10 MIDDLE STREET
                                 BRIDGEPORT, CONNECTICUT 06604
                                 (203) 366-7991
                                 (203) 366-4723 fax
                                 #ct21298
```

**CERTIFICATION**

    This is to certify that a copy of the foregoing has been mailed postage prepaid, first class mail to all counsel of record and pro se parties on ___8/5___ , 2004.


Mr. John Ward
Ms. Donna Ward
18 Garamella Boulevard
Danbury, CT 06810


Carolyn Signorelli
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, Connecticut 06141-0120

                                                  BENJAMIN K. POTOK

12

## ORDER

The foregoing motion having been heard by this court, it is hereby ordered:

**GRANTED/DENIED.**

                                        BY THE COURT


                                        BY_____
                                              JUDGE/ASSISTANT CLERK

13