Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| John Ward | ) |
| Plaintiff | ) |
| | ) Civil Action No. |
| V. | ) 3:01CV1908(AVC) |
| | ) |
| Robert Murphy, et al. | ) |
| | ) |
| Defendants | ) January 22, 2004 |

3:01CV1908(AVC). February 3, 2004. This is an action for damages brought pursuant to, <u>inter alia</u>, common law tenets concerning medical malpractice and negligent infliction of emotional distress. On December 22, 2003, the Danbury Visiting Nurse Association ("DVNA"), Virginia Lourenco, Judy Gibney, Danbury Hospital, Eitan Kilchevsky and Joan Mills, hereinafter referred to collectively as the DVNA defendants, filed a motion for summary judgment. On January 26, 2004, the plaintiff filed a motion to deny the motion for summary judgment (document no. 187). For the reasons that hereinafter follow, the plaintiff's motion to deny summary judgment (document no. 187) is DENIED.

The plaintiff contends that the DVNA defendants' motion for summary judgment should be denied and the proceedings stayed, until such time as the Connecticut superior court, juvenile division, determines whether it will open records that are purportedly relevant to this matter. The plaintiff asserts, and the defendants do not dispute, that he has filed a petition to open the juvenile court records, but that there has been no ruling on the petition. The plaintiff maintains that the juvenile court records, which allegedly relate to custody proceedings involving the plaintiff's infant child, may contain findings and conclusions that would estop the DVNA defendants "from making the assertion that they are immune because they were acting reasonably under the mandated reporter requirement." The court is not persuaded. The DVNA defendants' motion for summary judgment makes no claim that they are entitled to qualified immunity. Rather, the DVNA defendants' summary judgment motion is premised on essentially two arguments: (1) the plaintiff has failed to disclose experts as required under the relevant case law; and (2) the defendants did not owe a legal duty to the plaintiff. These issues are not dependant on the contents of the juvenile court records.

Consequently, as the juvenile court records would have no impact on the motion for summary judgment currently before the court, the plaintiff's motion is DENIED. The plaintiff shall have to and including February 13, 2004 to respond to the motion for summary judgment. Failure to respond may result in dismissal of the plaintiff's complaint.
SO ORDERED.