UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 SEP 23 P 3: 46

U.S. DISTRICT COURT

| | |
|---|---|
| JOHN WARD<br>　Plaintiff,<br><br>v.<br><br>ROBERT MURPHY, STATE OF<br>CONNECTICUT DEPARTMENT OF<br>CHILDREN AND FAMILIES,<br>CHRISTINE RAGAGLIA, DANBURY<br>POLICE DEPARTMENT, ROBERT<br>PAQUETTE, SHAUN MCCOLGAN,<br>ROBERT MADORE, JAMES MCNAMARA,<br>PETER GANTERT, CITY OF<br>DANBURY, DANBURY VISITING<br>NURSE ASSOCIATION, VIRGINIA<br>LOURENCO, JUDY GIBNEY,<br>DANBURY HOSPITAL, EITAN<br>KILCHEVSKY, JOAN MILLS,<br>CATHOLIC FAMILY SERVICES,<br>ROGER LIMA, EDWARD FEDERICI,<br>RALPH ARNONE, SANDRA<br>LIQUINDOLI,<br>　Defendants. | Civil No. 3:01CV01908(AVC) |

### RULING ON MOTION FOR RECONSIDERATION

This is an action for damages and injunctive relief brought pursuant to, <u>inter alia</u>, 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, and common law tenants concerning intentional infliction of emotional distress, defamation, slander and false imprisonment.

On August 16, 2004 this court granted summary judgment to the defendants. On September 10, 2004, the plaintiff filed the within motion for reconsideration (document no. 241). Specifically, the plaintiff states that he "did a poor job submitting facts" in his response to the defendants' motion for summary judgment. The plaintiff now seeks to "point out . . .

facts" which he "would like the court to use" in reconsidering its earlier ruling. The plaintiff also argues that he has been "unable to gather all the testimony from the Defendants because of their lack of cooperation" and that the defendants "lack credibility."

Local Rule 7(c) states in relevant part that a motion for reconsideration shall set "forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision." Local R. Civ. P. 7(c).

The Second Circuit Court of Appeals applies a demanding standard to motions for reconsideration:

> The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

Shrader v. CSX Transp., Inc. 70 F.3d 255, 257 (2d Cir. 1995). Specifically, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc. 70 F.3d 255, 257 (2d Cir. 1995). See also Chambers v. Principi, 2004 WL 722249 (D. Conn. Mar. 24, 2004)(denying reconsideration because the motion simply reiterated early arguments); ACEquip Ltd. v. Am. Eng'g Corp, 218 F.R.D. 364 (D. Conn. 2003)(denying reconsideration when the plaintiffs "point neither to any controlling decisions nor any data that the Court overlooked").

A motion for reconsideration must be "limited to the record that was before the Court on the original motion." Frankel v. ICD Holdings, 939 F. Supp. 1124, 1126 (S.D.N.Y. 1996)(quoted in Sank v. City Univ. of New York, 2002 WL 17929922, *3 (S.D.N.Y. 2002)(denying motion for reconsideration when plaintiff relied "entirely on factual allegations that were not submitted as part of or in opposition to the motion for summary judgment")).

Having reviewed the record, applicable law, and the plaintiff's arguments, this court concludes that the plaintiff has not set forth matters or controlling decisions that the Court overlooked in its initial decision. Accordingly, the court DENIES the plaintiff's motion for reconsideration (doc. no. 241).

It is so ordered this 23rd day of September, 2004, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge